**STATE of Missouri, (Respondent),**

v.

**Michael Dean QUIMBY, (Appellant).**

**No. WD 37783.**

Missouri Court of Appeals,
Western District.

July 22, 1986.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 28, 1986.

Application to Transfer Denied
Oct. 14, 1986.

Jimmie R. Nix, St. Joseph, for appellant.

Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before CLARK, C.J., and TURNAGE and KENNEDY, JJ.

CLARK, Chief Judge.

Appellant was convicted of the offense of burglary in the first degree and he was sentenced by the court to a term of seven years. On this appeal, he contends the felony information under which he was tried should have been dismissed on his pre-trial motion because prosecution of the offense as a felony was instigated by the prosecutor solely in retaliation for appellant's attempt to exercise his right to a jury trial under the Fifth and Fourteenth Amendments to the United States Constitution.

The only facts relevant to this appeal are those associated with the manner in which appellant was charged with the offense and the evidence adduced at the motion hearing. The record presents no contest as to these facts. Appellant was arrested, December 26, 1984 and was charged by information with assault in the third degree, a Class A misdemeanor. On February 27, 1985, that case came on for trial, but the charge was dropped and on the same date, a complaint was filed by the prosecutor charging appellant with the Class B felony of first degree burglary, the offense leading to the present conviction. Both the misdemeanor assault and the felony burglary charges arose out of the same incident.

On May 29, 1985, appellant filed a motion to dismiss the felony charge. The motion alleged that on the date set for trial on the misdemeanor charge, appellant appeared with his attorney and indicated his intention to request a jury. In response, the prosecutor said, "If you request a jury trial, I'll file a Class 'B' felony of burglary in the first degree." The request for a jury was made, the misdemeanor charge was dismissed and the felony charge was issued.

The motion to dismiss the felony information came on for hearing before the court June 19, 1985. Appellant presented testimony from a state probation officer who had been present the previous February in the courtroom when the misdemeanor case was called for trial. The witness related the conversation she had heard between the prosecutor and appellant's attorney in which the prosecutor had said that if appellant insisted on a jury trial he would dismiss the pending charge and refile the case as a felony. A similar account of the conversation was described in an affidavit by appellant's attorney filed with the court.

The state made no appearance at the hearing on appellant's motion, it offered no evidence to dispute the facts related by the witness and made no request subsequently to contest the claim of prosecutorial retaliation.[1] The court held the motion under

---

1. The record on appeal shows service of the motion to dismiss on the prosecutor but is silent as to notice of the hearing. Remarks at the hearing by the trial judge suggest there was notice. The judge observed that the prosecutor's absence may have been because he forgot the date or was ill. In any event, the matter was taken under advisement on condition that

advisement for some four months and on September 23, 1985, entered an order overruling the motion.

■ The only evidence before the court at the time the ruling was made on the motion to dismiss was that the prosecuting attorney, at the onset of trial in the pending misdemeanor case, gave appellant the choice of proceeding to trial on that charge by waiving a jury or of facing an enhanced felony charge if he insisted on a jury trial. The question in the case is whether the court erred as a matter of law in denying the motion under these facts. We conclude that it did.

The principle involved, coercive tactics by a prosecutor to compel an accused to forfeit a constitutional right, or retaliation once the right is exercised, was discussed in *Blackledge v. Perry*, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974). There, Perry was tried in the justice court for the misdemeanor offense of assault and was convicted. In North Carolina where the events occurred, a person convicted in the court where Perry was tried is entitled to seek trial de novo in the Superior Court without alleging error in the original proceeding. Perry filed his notice for trial de novo, but while that matter was pending, the prosecutor obtained a grand jury indictment charging felony assault. The misdemeanor was dismissed and Perry was tried and convicted of the felony. He then brought federal habeas corpus. The contention was that the felony charge was brought as a penalty for Perry's attempt to exercise his right to the de novo trial, a due process right under North Carolina law.

The court discussed the issue as one emanating from the decision in *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969) which held that an increased sentence could not be imposed on a defendant on retrial as retaliation for having successfully attacked the first conviction. In *Blackledge,* the court expanded the *Pearce* doctrine to cases in which fear

of retaliation by the state may deter an accused from exercising a constitutional right of due process. The opinion stated:

> "A person convicted of an offense is entitled to pursue his statutory right of trial de novo, without apprehension that the State will retaliate by substituting a more serious charge for the original one, thus subjecting him to a significantly increased potential period of incarceration. (Citation omitted)
>
> Due process of law requires that such a potential for vindictiveness must not enter into North Carolina's two-tiered appellate process. We hold, therefore, that it was not constitutionally permissible for the State to respond to Perry's invocation of his statutory right to appeal by bringing a more serious charge against him prior to the trial de novo." *Blackledge, supra* 94 S.Ct. at 2102–2103.

It is significant to note that in *Blackledge,* unlike the present case, there was no allegation, much less any proof, that the felony charge was instigated in bad faith or as the product of prosecutor's malice. The *Blackledge* court expressly disclaimed any necessity for proof of actual retaliation motivation.

The doctrine of *Blackledge* has been somewhat modified by two more recent cases, which the state notes in its brief. In *Bordenkircher v. Hayes,* 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978), Hayes was charged with uttering a forged instrument, an offense punishable by a term of two to ten years. Hayes and his attorney met with the prosecutor to discuss a plea on the understanding that a sentence of five years would be recommended. Hayes was told that if he did not plead guilty, the prosecutor would seek a charge under the Kentucky Habitual Criminal Act with the prospect for a term of life imprisonment. Hayes did not plead guilty and the enhanced charge was brought. The court found no violation of due process rights in this situation because of the legitimate in-

---

the witness would be recalled if the prosecutor desired cross-examination and, presumably, a

later opportunity to offer evidence.

terest of prosecutors in plea bargaining. In the give and take of this situation, it is expected that factors of administering the criminal justice system influence the severity of charges which may not be related to the facts of the crime.

In *United States v. Goodwin,* 457 U.S. 368, 102 S.Ct. 2485, 73 L.Ed.2d 74 (1982), Goodwin was charged with several petty offenses and after fleeing and being later apprehended, he initiated plea negotiations with the prosecutor. He later advised that he did not wish to plead and wanted a jury trial. A revised indictment including a felony charge followed. According to the government's evidence, the enhanced charge was not motivated in any way by Goodwin's request for a jury but because of a number of factors associated with the crime including the seriousness of the offense and Goodwin's lengthy history of violent crime. The court held the prosecution of Goodwin on the felony charge not to be a violation of due process because there was no evidence the felony charge was brought to influence Goodwin's conduct nor was there any evidence of actual vindictiveness. The court stressed the importance of a flexible approach to any presumption of prosecutorial vindictiveness in a pre-trial setting.

*Bordenkircher* and *Goodwin* modify the doctrine of presumptive vindictiveness as announced in *Blackledge.* There is no presumption if the realignment of charge occurs in the process of plea bargaining or in the absence of some evidence of actual vindictiveness calculated to thwart exercise by an accused of a due process right. That an accused may, however, be entitled to relief in a proven case of prosecutorial retaliation is unmistakably retained by the following observation in *Goodwin,* 457 U.S. at 384, 102 S.Ct. at 2494: "In declining to apply a presumption of vindictiveness, we of course do not foreclose the possibility that a defendant in an appropriate case might prove objectively that the prosecutor's charging decision was motivated by a desire to punish him for doing something that the law plainly allowed him to do."

In the present case, there was no evidence of any plea bargaining and no factual basis on which it could be contended by the state that the felony charge was filed for any reason other than in retaliation for the request by appellant for a jury trial. The exceptions covered in *Bordenkircher* and *Goodwin* do not apply.

A case involving facts similar to those in the present case is *United States v. Ruesga-Martinez,* 534 F.2d 1367 (9th Cir.1976). Ruesga was charged with the misdemeanor of unlawful entry into the United States. At the time, it was known to the immigration authorities that Ruesga had previously committed the same offense. In response to the misdemeanor charge, Ruesga pleaded not guilty and refused to sign a waiver of his right to a jury trial. The United States attorney then amended the information to charge Ruesga as a multiple offender subjecting him to enhanced punishment. Ruesga moved to dismiss the indictment on the ground that it violated his due process rights under the Fifth Amendment.

The court discussed *North Carolina v. Pearce, supra,* and *Blackledge v. Perry, supra* and concluded that under those cases, when the accused exercises some procedural right and the prosecution then recharges a more serious offense, the prosecution bears a heavy burden to prove that the increase in the severity of the charge was not vindictively motivated. The mere appearance of vindictiveness is enough to bring the principles of *Pearce* and *Blackledge* into application. The court rejected the presence of facts supporting the more serious charge against Ruesga as a ground to justify the increase in severity of the charges because those facts were known when the original misdemeanor charge was filed. The indictment against Ruesga was ordered dismissed.

Independent research has disclosed only one Missouri case in which the principle applied in *United States v. Ruesga-Martinez, supra,* as drawn from *Pearce* and *Blackledge,* has been mentioned. In *State v. McMikle,* 673 S.W.2d 791 (Mo.App.1984), the defendant was charged, prosecuted and

convicted of passing a bad check in the face amount of $150 or more, a Class D felony. In one of his points on appeal, McMikle argued that the prosecution was based on vindictiveness because the prosecutor was serving in private practice as the attorney for the judgment creditor and was trying to collect the judgment for his client. The court concluded that the principle did not apply under these facts because the prosecution was handled no differently from any other in the office. Most significantly, the charge against McMikle remained the same from complaint to conviction and there was no suggestion of any due process right which McMikle attempted to assert or which was thwarted.

The facts of the present case are far more conclusive on the issue of prosecutorial motivation than was found in *Blackledge* or *Ruesga* which relied essentially on a presumption in consequence of an altered charge following the exercise by the accused of a procedural right. Here, the only proof in the case shows a threat by the prosecutor to increase the charge if a jury were requested to try the misdemeanor case. The dismissal of the original charge and the substitution of the felony complaint implemented the prosecutor's stated threat to retaliate against appellant. Under the doctrines of *Pearce* and *Blackledge*, appellant here was entitled to a jury trial on the original charge without fear that an attempt to exercise that right would expose him to the risk of a substantially increased punishment. The felony charge should have been dismissed on appellant's motion.

■ Apart from the merits of the issue as discussed above and primary reliance on the cited cases of *Bordenkircher* and *Goodwin*, the state contends appellant has not preserved his contention for appellate review. This argument is based on the absence from the record on appeal of any transcript of the felony trial and the consequent inability of appellant to demonstrate that he preserved his challenge to the information by a renewed motion at trial. This contention proceeds on the assumption that the ruling on the motion to dismiss the felony indictment was interlocutory and thus subject to an altered decision by the court as the trial progressed. This assumption, which likens the dismissal motion to a motion to suppress evidence is erroneous.

Under Rule 24.04(b)2, a motion such as was presented by appellant based on defects in the institution of a prosecution, must be raised before trial and, under Rule 24.04(b)3, the motion is to be heard and determined before trial, unless ordered deferred by the court. In this case, the motion was heard and ruled before trial commenced, the constitutional issue was cited in the original motion and was preserved in appellant's motion for new trial. There is no provision in the rules or in the case law for renewal at trial of a motion claiming a defect in an indictment or information, unless the court orders that hearing be deferred until trial. It did not do so in this case, the issue having been concluded when the court issued its order overruling the motion. The subject of the motion, the circumstances under which the misdemeanor complaint was dismissed and the felony prosecution commenced, was unrelated to any evidence or events during trial which could have had no effect on disposition of the motion. Preservation of the point and the opportunity for the court to review its ruling were accomplished when the point was included in the new trial motion.

The principle in this case is the same as that discussed in *State v. Beavers,* 591 S.W.2d 215, 218 (Mo.App.1979). There, the defendant moved before trial to quash the petit jury panel on the ground that women were underrepresented. The motion was ruled before trial. In commenting on the preservation question, the court observed: "This case is to be distinguished from cases in which a point of error is ineffectively or imperfectly raised or, having been raised, is not preserved for review. Here, the motion to quash the jury panel was filed, it was ruled by the trial court, the point was reasserted in the motion for new trial and it has been briefed and argued on appeal.

It cannot be successfully contended that the issue of underrepresentation of women in the jury array has, under this record, been waived or abandoned." On similar grounds, the appellant here has done all that is required to preserve the issue by filing his motion before trial, by renewing the claim in his new trial motion and by briefing and arguing the point on appeal. The state's motion to dismiss the appeal is overruled.

On the authority of *North Carolina v. Pearce, supra, Blackledge v. Perry, supra,* as applied in *United States v. Ruesga-Martinez, supra,* and consistent with the refinement of the doctrine of prosecutorial retaliation as enunciated in *Bordenkircher v. Hayes, supra,* and *United States v. Goodwin, supra,* appellant here was entitled to relief on his motion to dismiss the felony information. The presence of prosecutorial coercion and subsequent retaliation against appellant because of his request for a jury was conclusively established by the evidence. There was no evidence of any plea bargain aborted and no claim by the state that the increased charge was in consequence of any new information developed about appellant's past record or previously unknown details of the crime. Appellant was simply the object of prosecutorial ire in consequence of his decision to ask for a jury. The motion to dismiss should have been sustained.

The judgment of conviction is reversed and the case is remanded with directions that the information be dismissed.

All concur.