Patrick **CHAMBERLAIN**, Appellant,

v.

**STATE of Missouri**, Respondent.

No. 50902.

Missouri Court of Appeals,
Eastern District,
Division Ten.

Nov. 4, 1986.

Motion for Rehearing and/or Transfer
Denied Dec. 3, 1986.

Application to Transfer Denied
Jan. 13, 1987.

Dorothy Mae Hirzy, Sp. Public Defender, St. Louis, for appellant.

William L. Webster, Atty. Gen., Carrie Francke, Asst. Atty. Gen., Jefferson City, for respondent.

STEPHAN, Presiding Judge.

Movant sought Rule 27.26 relief from the judgments of conviction entered upon his pleas of guilty to burglary in the second degree and failure to return to confinement. As grounds he alleged his counsel was ineffective, his pleas were involuntary, and the state was guilty of selective and retaliatory prosecution. The trial court denied relief without affording movant an evidentiary hearing. Movant appeals. We affirm.

■ Movant asserts that had the trial court granted him an evidentiary hearing he would have established his guilty pleas were invalidated by his counsel's deceptions and ineffective assistance. To prevail on this point movant must demonstrate two things. He must set forth in his motion facts which, if true, would entitle him to the relief sought, and he must demonstrate that the facts so pleaded are not refuted by the record. *Wade v. State,* 698 S.W.2d 621, 622 (Mo.App.1985). Movant, however, cannot possibly demonstrate the facts he pleads are not refuted by the record because he has neglected to provide this court with a record of his guilty pleas. Movant asserts the record of the pleas will not refute his allegations of ineffective assistance and deception because the ineffective assistance and deception did not take place in open court. Movant's assertion as to what we will or will not find in the record is no substitute for the record itself. A movant seeking to vacate his conviction must present this court with a record of the proceedings that includes all matters pertinent to the issue he raises. *Rainwater v. State,* 676 S.W.2d 310, 311 (Mo.App. 1984); *State v. Hughes,* 713 S.W.2d 11, 13 (Mo.App.1986). Movant has not met his obligation. His first point is therefore denied.

Movant next asserts that at an evidentiary hearing he could have established he was selectively prosecuted for failure to return to confinement. The basis of his claim, if we understand his somewhat arcane explanation, is this: He was prosecuted for failure to return to confinement while 100 other "similarly situated" inmates were not, the state used the failure to return charge as a pretext for a grand jury inquiry into other, unrelated allegations of criminal activity, and the grand jury ultimately returned an indictment not only for failure to return to confinement but also for second degree burglary, a charge that had previously been dismissed at a preliminary hearing.

■ With a valid plea of guilty a defendant waives all nonjurisdictional defenses to the charges and all nonjurisdictional defects in the proceedings. *State v. Cody,* 525 S.W.2d 333, 335 (Mo. banc 1975). The defense of selective prosecution is therefore cognizable after a plea of guilty only

if it goes "to the very power of the state to bring the defendant into court to answer the charge brought against him." *State v. Cody, Id.* at 335 quoting *Blackledge v. Perry,* 417 U.S. 21, 30–31, 94 S.Ct. 2098, 2103, 40 L.Ed.2d 628, 636 (1974). We do not reach the issue of whether movant waived this defense with his guilty plea, however, because even if movant's factual allegations are taken as true, they fail to establish selective prosecution.

To establish the defense of selective prosecution movant must show he was prosecuted while others similarly situated were not and the state's election to prosecute him was based upon such impermissible considerations as race, religion, or the state's desire to prevent movant's exercise of constitutional rights. *United States v. Berrios,* 501 F.2d 1207, 1211 (2d Cir.1974). Although the amended motion arguably alleges other inmates who failed to return to confinement were not prosecuted for that offense, such allegation, even if true, does not satisfy the requirement that movant was similarly situated. Unlike the others, movant committed a burglary while away from his place of confinement. Nowhere in his motion or its amendment does movant allege he was selected for prosecution because of his race, his religion, or his insistence upon or desire to exercise a constitutional right. Therefore, the facts movant pleads, even if taken as true, do not establish selective prosecution within the meaning of *Berrios.* Movant's second point is denied.

Finally movant alleges he was subjected to vindictive prosecution in violation of his rights to due process of law. This argument is based on the claim that, after the burglary charge was dismissed at a preliminary hearing, the prosecutor dismissed the failure to return charge and reinitiated both in a more favorable forum, the grand jury. The action of a preliminary hearing court is no bar to the right of the grand jury to inquire into a case and indict the accused, even though he has been discharged on preliminary examination. *State v. Stidham,* 449 S.W.2d 634, 639 (Mo.

1970). Furthermore, the principle of vindictive or retaliatory prosecution involves coercive tactics by a prosecutor to force an accused to forfeit a constitutional right, or, once that right is exercised, some retaliatory action by the prosecutor to punish the accused. See *State v. Quimby,* 716 S.W.2d 327 (Mo.App.1986). Movant admits the charges that were brought against him before he exercised his right to a preliminary hearing were the same charges brought before the grand jury. Nowhere in his motion, or its amendment, however, does he plead facts which, if true, would suggest prosecutorial vindictiveness. Movant's final point is denied.

The judgment is affirmed.

KELLY and SIMON, JJ., concur.