Everett A. WATSON, Appellant,

v.

Alice WATSON, Respondent.

No. WD 39454.

Missouri Court of Appeals,
Western District.

March 29, 1988.

Michael D. Arnold, Gallatin, for appellant.

Paul M. Wooldridge, Boonville, for respondent.

Before GAITAN, P.J., TURNAGE and CLARK, JJ.

CLARK, Judge.

This is a dissolution of marriage case in which the principal issue on appeal con-

cerns an award of $6,000.00 made to respondent wife as an allowance of her interest in marital property. Appellant contends the assets to which the cash award was applicable, as designated by the court in its decree, were not marital property but his separate property in which respondent could claim no interest. We agree and therefore reverse the judgment in respect to property disposition.

Appellant and respondent, some twenty years appellant's junior, were introduced by a correspondence dating service and married soon thereafter on June 15, 1984. They separated April 8, 1985, reconciled briefly four months later, and finally separated in April, 1986. This suit was commenced following the first separation and was prosecuted after the aborted reconciliation.

Appellant has been a farmer all his life. He owns 350 acres which he acquired commencing in 1944. The land is used for row crops and as pasture for cattle. In the latter activity, appellant purchases cattle each spring, fattens them on pasture and sells them in the fall. Although appellant was age 72 at the time of trial, he has conducted his farming operation with only minimal assistance from hired labor.

In contemplation of the marriage, the parties entered into an antenuptial agreement. The separate property of each was listed and, for appellant's part, included the farm, buildings and equipment, the cattle then on pasture, a Cessna airplane, vehicles, grain in storage, cash of $35,000.00 in an E.F. Hutton account and $2,000.00 in a checking account and miscellaneous items. Respondent's assets were minimal. She listed a 1968 Chevrolet, furniture, $1500.00 in cash and a life insurance policy.

There is no dispute that the assets listed on the antenuptial agreement were to remain the separate property of the parties. The controversy centers on the proceeds from cattle sold in the fall of 1985 and

farm equipment bought during the marriage. According to the decree, the court allowed respondent $6,000.00 as "one-half of the profits of the sale of the cattle in the year 1985 and one-half of the value of the drill and planter." Appellant contends there was no profit to divide from the cattle sale and that the drill and planter were his separate property because they were purchased with funds drawn from the E.F. Hutton account.

It is uncontroverted that the 1985 cattle herd was purchased in the spring of that year and therefore constituted property acquired during the marriage. The same may be said of the drill and planter. Ordinarily, property acquired subsequent to a marriage is marital property. Section 452.-330.2, RSMo 1986. The difficulty with application of this principle to the 1985 cattle herd is that the property was sold during the marriage, that is, the fall 1985 cattle sale occurred in 1985 as it did in prior and subsequent years, and at the time of trial, those cattle did not remain as a subject for division.

The trial court apparently attempted to overcome this fact by awarding respondent a share in the alleged profit derived from the cattle fattening enterprise. The effort was undoubtedly motivated by respondent's testimony that she assisted appellant with the cattle and in farming chores generally. The problem is that no evidence was presented[1] to show what disposition was made of the proceeds from the 1985 sale of cattle and whether such funds, if any, remained to be divided as of the date of separation or as of the date of trial. The only evidence as to cash accounts was testimony by appellant that his account at E.F. Hutton had shrunk from $35,000.00 to $28,500.00.

If it be assumed that there was profit from the cattle sale, the court erred in undertaking to divide that profit without

---

1. The transcript indicates a "statement of property" was filed with the court on the date of trial and, apparently, an income statement. Those documents, however, are not a part of the record on appeal.

evidence showing the gain remained in some form of tangible property available for division. There was no evidence which identified any marital property, other than the drill and planter, claimed to be such in the possession or under the control of either party as of the date of trial, or even as of the date of separation. Regardless of the sympathy the court may have felt for respondent's labors during the marriage, the statute grants no authority to invade non-marital property, in this case appellant's cash accounts, to provide spousal compensation.

■ We are also persuaded that appellant is correct when he argues that no profit was realized in the 1985 cattle transaction. The only evidence on the subject was appellant's testimony that he made no profit, confirmed by the exhibit consisting of the parties' joint income tax return. The schedule on that return shows a loss of $5,588.00 from the combined sales of cattle and grain and agricultural program payments. Even if depreciation of $1,651.00 is excluded the result is still a loss. Moreover, the court was not entitled to segregate the sale of the livestock from the other farming activities, particularly the grains produced and sold, all of which comprised a general farming business jointly pursued during the year in question.

■ As was noted earlier, the $6,000.00 award was also based upon respondent's purported interest in the drill and planter purchased by appellant. The latter's testimony, not refuted by any evidence offered by respondent, was that the drill was purchased with $4,800.00 withdrawn by appellant from his savings. Those savings were necessarily the cash appellant had prior to the marriage in the E.F. Hutton account because there was no evidence appellant had any other funds from which such a sum could have been withdrawn. Respondent does not argue any contrary state of facts.

In *Hoffmann v. Hoffmann,* 676 S.W.2d 817 (Mo. banc 1984), the court held that the character of property at issue in a marriage dissolution case is to be determined by the source of funds used to finance the purchase. Under this doctrine, the drill purchased with appellant's separate funds retains the same character as the funds with which it was bought and must be classified as appellant's separate property. There was no basis for allowance of any sum to respondent for an interest in the drill. The planter, bought at another time, had little or no value and was not of sufficient monetary consequence to support a cash allowance to respondent.

In summary, the trial court was in error when it considered the purported profit on cattle sales and the drill as marital property. There was no evidentiary basis warranting an allowance of cash to respondent as a division of marital property. That component of the decree must be reversed.

Appellant also argues that the court erred when it ordered him to deliver to respondent a bedroom suite, coffee table and bookcase because the parties had agreed on a price for those items which appellant paid to respondent at the time they separated. Respondent contended that she was effectively required to sell the furniture at any price appellant was willing to pay because she had no means to transport the property when she left appellant's home. The price appellant paid respondent was $320.00.

■ The trial court settled this controversy by ordering appellant to deliver the furniture to respondent in Columbia. The decree made no mention of the $320.00 which respondent does not deny receiving. Obviously, if respondent is entitled to the furniture, she may not also retain the purchase money. It also seems to be undisputed that the items in question were owned by respondent before the marriage and they are her separate property if she chooses not to sell them to appellant. Respondent should be given a choice either to repay the $320.00 and receive the furniture or keep the money and acknowledge appellant's ownership of the goods.

The judgment is reversed as to the cash award to respondent of $6,000.00 and the trial court is directed to modify its order setting over to respondent the bedroom suite, shelves and coffee table, either to delete such entry or to add the condition that upon delivery, respondent pay to appellant the sum of $320.00. In all other respects, the judgment is affirmed. The cause is remanded for entry of judgment modified in accordance with this opinion.

All concur.