**STATE of Missouri, Respondent,**

v.

**Gary Omar FLADTEN, Appellant.**

**No. WD 39872.**

Missouri Court of Appeals,
Western District.

July 5, 1988.

James L. McMullin, K. Louis Caskey, Kansas City, for appellant.

William L. Webster, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before KENNEDY, C.J., and SHANGLER and BERREY, JJ.

KENNEDY, Chief Judge.

Defendant was found guilty upon a jury trial of driving a motor vehicle while in an intoxicated condition, Sec. 577.010.1, RSMo 1986, and was sentenced by the court to one year in jail. Since it was defendant's third such offense, it was a Class D felony, Sec. 577.023.3, RSMo 1986.

Defendant has appealed from the judgment of conviction, alleging as his only point on appeal that the trial court erred in denying his pre-trial motion to dismiss based upon the alleged vindictive or retaliatory prosecution of the felony charge. The prosecutor had initially filed a Class B misdemeanor first offense driving-while-intoxicated charge, Sec. 577.010.2, which he had then amended to charge a Class A misdemeanor second offense Sec. 577.023.2 —and then had filed the third offense (Class D felony) charge, Sec. 577.023.3, upon which defendant was tried and convicted. Defendant argues here that the third offense-felony charge was filed only after defendant declined to plead guilty on the misdemeanor charges and after he demanded a jury trial on the second-offense charge, and that the filing of the enhanced charge was in retaliation for his insisting upon trial.

■ Defendant relies upon our case of *State v. Quimby,* 716 S.W.2d 327 (Mo.App.

1986). The principle involved is that a prosecutor may not, by filing an enhanced charge, punish a defendant for exercising his constitutional right to demand a trial, or a jury, or for his refusal to plead guilty to the lesser charge. 716 S.W.2d at 329. That principle, however, is an exception to another principle, namely, that the particular charge to be filed against the accused is within the prosecutor's discretion. *Wayte v. United States,* 470 U.S. 598, 105 S.Ct. 1524, 84 L.Ed.2d 547 (1985); *State v. Franks,* 702 S.W.2d 853, 855 (Mo.App. 1985). We believe that the latter rule applies to this case, and not the exception relied upon by defendant.

In *State v. Quimby, supra,* we expressly noted, in ordering the dismissal of the more serious charge, that "there was no evidence of any plea bargaining", 716 S.W.2d at 330. This statement was made to distinguish the case before the court from *Bordenkircher v. Hayes,* 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978), where the Supreme Court of the United States, because of the legitimate interest of prosecutors in plea bargaining, had approved the filing of the enhanced charge when plea bargaining on the lesser charge had failed.

■ In the case before us, like *Bordenkircher* and unlike *Quimby,* there was evidence of plea bargaining. The prosecutor at first offered to accept a 10–day jail sentence on the first offense charge. He then (according to his testimony) learned of an earlier offense by defendant, filed the second-offense charge, withdrew the 10–day offer and offered to accept a sentence of 60 days imprisonment upon a plea of guilty to the second-offense charge. He then (again according to his testimony) learned of the second previous offense, which would make defendant's present offense his third and would make it a Class "D" felony. After defendant declined to plead guilty on the second offense-Class A misdemeanor charge with the 60–day sentence, he dismissed the misdemeanor charge and filed the felony charge on which defendant was ultimately convicted.

The prosecutor also justifies enhancing the charge against defendant on the basis of new information gained by him after filing the earlier less serious charges. He testified that he learned of one of defendant's earlier convictions only after filing the first charge, and learned of the second earlier conviction only after filing the second charge. *Quimby* places weight on the factor of new information of the prosecutor as justifying the enhanced charge, citing *United States v. Ruesga–Martinez,* 534 F.2d 1367 (9th Cir.1976).

Defendant argues that the prosecutor knew from the beginning that there had been two previous driving-while-intoxicated convictions, and that his attorney had told the prosecutor from the outset that there was no possibility of a plea bargain—that the case would have to be tried. The prosecutor's evidence does not agree with that, however, and the trial court could accept the prosecutor's version. *City of Lee's Summit v. Hinck,* 618 S.W.2d 719 (Mo. App.1981).

We may not convict the trial court of error in ruling, upon the basis of the evidence before him, that the defendant had failed to show that the enhanced charge was motivated by prosecutorial vindictiveness.

Judgment affirmed.

All concur.