**Gregory A. SCHER, Movant,**

v.

**STATE of Missouri, Respondent.**

**No. 54972.**

Missouri Court of Appeals, Eastern District, Division One.

April 11, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 9, 1989.

Application to Transfer Denied June 13, 1989.

Daniel Lee Sayle, Clayton, for movant.

William L. Webster, Atty. Gen., Daryl R. Hylton, Asst. Atty. Gen., Jefferson City, for respondent.

CRANDALL, Presiding Judge.

Movant, Gregory A. Scher, appeals from the denial of his Rule 27.26[1] motion following an evidentiary hearing. Movant had previously been convicted, by a jury, of stealing over $150 and was sentenced to imprisonment for fifteen years as a persistent offender. Movant's conviction was affirmed on direct appeal. *State v. Scher*, 717 S.W.2d 527 (Mo.App.1986). We affirm.

In his first point, movant alleges that the trial court erred in denying his claim that his trial attorney had a conflict of interest which denied movant the effective assistance of counsel. Movant was convicted of fraudulently acquiring air charter services in Senator Thomas Eagleton's name. Movant asserts that a conflict existed in view of the fact that his trial counsel was a personal friend and former employee of Senator Eagleton.

Movant failed to establish an actual conflict which adversely affected his lawyer's performance. *Cuyler v. Sullivan*, 446 U.S. 335, 100 S.Ct. 1708, 1719, 64 L.Ed.2d 333 (1980). Counsel testified at the evidentiary hearing that his relationship with Senator Eagleton had not created a conflict. He noted that Senator Eagleton was not the victim in this case. There was no question in this case that a fraud was committed; the issue was whether movant knowingly committed the fraud or was himself misled. Moreover, movant testified at the hearing that he was aware of his trial counsel's relationship with Senator Eagleton one year prior to his trial. The motion court was not clearly erroneous in denying movant relief based upon his allegation that a conflict of interest existed. Movant's first point is denied.

Movant next contends that he was denied effective assistance of counsel because his trial counsel failed to ask movant's father certain questions at trial which would have aided movant's defense. Movant claims his father could have verified his defense that movant was tricked by third parties into believing that Senator Eagleton requested the air services.

Movant and his father gave the only testimony in support of this position at the evidentiary hearing. It is within the purview of the trial court to determine the credibility of witnesses, and the trial court may reject testimony even though no contrary evidence is offered. *Pool v. State*, 670 S.W.2d 210, 211–212 (Mo.App.1984). The motion court was not clearly erroneous in rejecting this testimony and denying movant his requested relief based upon this allegation. Movant's second point is denied.

Movant argues in his third point that he was denied effective assistance of counsel because his trial counsel failed to call various witnesses and failed to adequately investigate movant's case. Movant failed to establish that he was prejudiced by counsel's actions. Movant was the only person at the hearing to testify that the

1. Rule 27.26 was repealed, effective January 1, 1988, by order of the Supreme Court of Missouri. This appeal is governed by Rule 27.26 because the sentence was pronounced prior to January 1, 1988, and movant's Rule 27.26 motion was then pending. *See* Rule 29.15(m).

potential witnesses would have helped movant's case. *See Smith v. State,* 736 S.W.2d 516, 517 (Mo.App.1987). The trial court acted within its discretion in disbelieving movant. Furthermore, movant's trial counsel testified at the evidentiary hearing that, as part of his investigation, he attempted to locate all potential witnesses whose names were provided and could not find anyone to corroborate movant's story. Movant did not meet his burden of proving what specific information counsel could have discovered upon reasonable investigation which would have provided a viable defense. *See Rainbolt v. State,* 743 S.W.2d 890, 892 (Mo.App.1988). He did not show a reasonable probability that, absent the alleged error, he would not have been convicted. *See Richardson v. State,* 719 S.W.2d 912, 915–916 (Mo.App.1986). The hearing court was not clearly erroneous in denying the requested relief based upon this allegation. Point three is denied.

Movant, in his three remaining allegations of error, argues that he was denied effective assistance of counsel because his trial counsel failed to inform him of the consequences of being charged under the persistent offender statute, and failed to inform him of plea bargain offers made by the State, and failed to effectively represent movant at trial due to alcohol consumption.

We have reviewed the record on these points and find that the judgment of the motion court is based on findings of fact that are not clearly erroneous. No error of law appears. An extended opinion on these claims of error would have no precedential value and are therefore denied pursuant to Rule 84.16(b).

The judgment of the motion court is affirmed.

CRIST and DOWD, JJ., concur.