Jerry TAYLOR, Movant,

v.

STATE of Missouri, Respondent.

No. 57218.

Missouri Court of Appeals, Eastern District, Division Five.

Dec. 26, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 29, 1991.

Application to Transfer Denied March 5, 1991.

Beverly A. Beimdiek, Public Defender, St. Louis, for movant.

William L. Webster, Atty. Gen., Joseph P. Murray, Asst. Atty. Gen., Jefferson City, for respondent.

CRANDALL, Chief Judge.

Movant, Jerry Taylor, appeals from the denial of his Rule 29.15 motion, after an evidentiary hearing. He had previously been convicted, by a jury, of first degree murder and sentenced to life imprisonment without the possibility of parole. We affirm.

▉ On appeal, movant alleges that he was denied effective assistance of counsel during his trial. To prevail on an ineffective assistance of counsel claim, a movant must show that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). A movant "must satisfy *both* the performance prong and the prejudice prong to prevail on an ineffective assistance of counsel claim." *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987) (emphasis in original). A motion court and this court may proceed directly to the issue of prejudice without first determining whether counsel's performance was deficient. *Id.; Roberts v. State*, 764 S.W.2d 688, 689 (Mo.App.1988); *Cook v. State*, 752 S.W.2d 483, 485 (Mo.App. 1988). The fact that an error by counsel might have had some conceivable effect on the outcome is not sufficient. Rather, a movant must show there is a reasonable probability that, absent the alleged error, the fact finder would have had a reasonable doubt respecting guilt. *Richardson v. State*, 719 S.W.2d 912, 915–916 (Mo.App. 1986). Movant has the burden of proving his asserted grounds for relief by a preponderance of the evidence. Rule 29.15(b).

In his first point, movant contends that his trial counsel was ineffective for failing to listen to the taped statements of victim's mother and of movant prior to trial. Movant asserts that counsel instead relied on

the State-supplied transcriptions of the statements which contained errors.

■ With regard to victim's mother's statement, we note that allegation of error was not raised in movant's initial *pro se* motion, but only in movant's amended Rule 29.15 motion. The amended motion was signed by movant's counsel, but was not verified by movant. Rule 29.15(f) requires that "any amended motion shall be verified by the movant." Even though the motion court considered the allegations contained in both the *pro se* and amended motion, only the *pro se* motion was verified and properly before the court. *See McCoy v. State*, 784 S.W.2d 854, 855 (Mo.App.1990). The amended motion should have been dismissed. The motion court therefore could not consider any claim of error relative to victim's mother's statement.

■ With regard to movant's own statement, trial counsel testified at the motion hearing that, during the course of the trial, he did listen to movant's taped statement and that errors in transcription were corrected. Although movant contended at the hearing that the tape would have brought forth a defense, he could not identify what defense trial counsel could have set up based upon his taped statement. Movant has failed to prove either that counsel was ineffective for, or that he was prejudiced by, trial counsel's failure to review his taped statement. In addition, there was no error in the trial court's failure to make a finding of fact on this issue because it was not supported by evidence adduced at the evidentiary hearing. *See Malady v. State*, 762 S.W.2d 442, 443 (Mo.App.1988). Movant's first point is denied.

■ In his second point, movant alleges ineffective assistance of counsel for trial counsel's failure to investigate three defense witnesses. Movant was the only person at the hearing to testify that the witnesses would have testified on his behalf at trial and that they would have helped his case. *See Scher v. State*, 770 S.W.2d 435, 436–437 (Mo.App.1989). None of the potential witnesses testified at the hearing. In addition, the testimony which movant claimed these witnesses would have of-fered would merely have impeached State's witnesses and would not have provided him with a viable defense. The trial court did not err in finding that counsel was not ineffective for failing to investigate these potential witnesses.

The judgment is affirmed.

SIMON and REINHARD, JJ., concur.