STATE of Missouri, Respondent,

v.

**Latrelle CAMPBELL, Appellant.**

**Latrelle CAMPBELL, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

Nos. 58637, 60515.

Missouri Court of Appeals,
Eastern District,
Division Two.

April 14, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
May 12, 1992.

Application to Transfer Denied
June 30, 1992.

---

Melinda K. Pendergraph, William J. Swift, Columbia, for appellant, movant-appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

CRANDALL, Judge.

Defendant, Latrelle Campbell, appeals from his convictions, after a jury trial, of murder in the second degree and of armed criminal action, for which he was sentenced as a class X offender to two consecutive life sentences. He also appeals from the denial of his Rule 29.15 motion after an evidentiary hearing. We affirm both judgments.

Defendant does not challenge the sufficiency of the evidence. Viewed in the light most favorable to the verdict, the evidence established that, on December 22, 1988, after a party at defendant's apartment, defendant and the victim argued. The victim then left and returned sometime later. On two separate occasions, he attempted to break into defendant's apartment building. Each time, in the process of ejecting the victim from the building, defendant beat the victim about the head and body with a metal pipe and with his fists. The victim died as a result of injuries sustained to his head. His body was found in a vacant lot adjacent to defendant's apartment building. Defendant testified at trial and admitted to striking the victim, but said that the victim was able to walk away from the apartment building after each beating.

The jury found defendant guilty of second degree murder and armed criminal action. He was sentenced as a class X offender to two consecutive life sentences.

Defendant then filed a pro se Rule 29.15 motion, alleging ineffective assistance of counsel. Counsel was appointed on February 8, 1991 and filed an amended 29.15 motion on April 8, 1991. After an evidentiary hearing, the trial court denied defendant's motion.

Defendant appeals from his convictions and from the denial of his Rule 29.15 motion. We consolidated the appeals for our review.

■ In his first point, defendant contends that the trial court erred in overruling his motion to dismiss on the grounds of prosecutorial vindictiveness which he alleged occurred when he rejected the State's plea offer and proceeded to trial. The record reveals that the State originally charged defendant by indictment with murder in the second degree. After unsuccessful plea negotiations, the State reindicted defendant for murder in the first degree and issued a nolle prosequi on the original charge of murder in the second degree. Defendant argues that the State's filing of the enhanced charge was in retaliation for his insisting upon trial.

Although the State in most instances is free to indict on a greater offense prior to trial, *State v. Colenburg*, 773 S.W.2d 184 (Mo.App.1989), *State v. Fladten*, 753 S.W.2d 327 (Mo.App.1988), we need not reach the issue of whether the filing of the enhanced charge in this instance was a product of prosecutorial vindictiveness. In view of defendant's conviction of murder in the second degree, with which he was charged initially, he suffered no prejudice as a result of the State's filing an enhanced charge against him. Defendant's first point is denied.

■ In his second point, defendant claims the trial court erred in overruling his motion to dismiss the charge of murder in the first degree after the State's opening statement, on the basis that the State failed to set forth in its opening statement how it intended to prove that defendant acted with deliberation when he killed the victim.

The State's opening statement provided in relevant part:

You'll hear from the Defendant's own mouth his version of how this happened.

He'll tell you that he ... beat the victim after an altercation in the hallway of the building he owns.... That he beat the victim with a pipe. He stomped the victim. He kicked the victim....

From the State's recitation of the numerous blows defendant inflicted on the victim, reasonable jurors could have inferred defendant's deliberation. *See State v. Foote*, 791 S.W.2d 879, 884 (1990); *State v. Barnes*, 740 S.W.2d 340, 344 (Mo.App. 1987).

In addition, defendant has failed to demonstrate prejudice. Defendant was convicted of murder in the second degree, not murder in the first degree. Deliberation is not an essential element of murder in the second degree. Defendant was not prejudiced by the trial court's refusal to dismiss the charge of murder in the first degree because of the State's opening statement. Defendant's second point is denied.

■ In his third point, defendant asserts that his Rule 29.15 motion should be remanded because the motion court failed to conduct a hearing to determine whether defendant had been abandoned by post conviction counsel when his amended Rule 29.15 motion was filed untimely. Here, the motion court held an evidentiary hearing and ruled on the merits of defendant's amended 29.15 motion. Where the record establishes that defendant had a meaningful review of his post conviction claims, the need to remand the case evaporates. *See Frederick v. State*, 818 S.W.2d 677, 680 (Mo.App.1991). Defendant's third point is denied.

■ In his fourth point, defendant contends that the motion court erred in denying his Rule 29.15 motion, because defense counsel was ineffective for failing to call a certain witness to testify at trial. Defendant claims that the witness would have

testified that, on the night of the murder, the victim was outside defendant's apartment building, yelling threats that he was going to kill defendant and set fire to the building.

To demonstrate that defense counsel was ineffective for failing to call a witness, defendant must prove that the witness could have been located through reasonable investigation, that the witness would have testified if called, and that the testimony of said witness would have provided a viable defense. *State v. Ivory*, 813 S.W.2d 102, 104 (Mo.App.1991). Mere speculation to what the witness' testimony would have been is not sufficient. *Canterbury v. State*, 781 S.W.2d 107, 110 (Mo.App.1989).

In the instant action, defendant was the only person at the hearing to testify about what the witness would have said had he testified. *See Scher v. State*, 770 S.W.2d 435 (Mo.App.1989). The witness did not appear at the hearing, so the exact nature of his testimony is pure conjecture. Defendant's fourth point is denied.

■ Finally, defendant claims that post conviction counsel was ineffective for failing to call not only the above-mentioned witness but also another witness to testify at his Rule 29.15 hearing. A charge of ineffective assistance on the part of a post conviction motion attorney is not cognizable on appeal of a post conviction proceeding. *Hoffman v. State*, 816 S.W.2d 930, 932 (Mo.App.1991). Defendant's final point is denied.

The judgment of the trial court on direct appeal and the judgment of the motion court on defendant's Rule 29.15 motion are affirmed.

GRIMM, P.J., and SATZ, J., concur.