**Lonnie ECKHOFF, Jr., Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 55765.

Missouri Court of Appeals,
Eastern District,
Division One.

May 16, 1989.

Steven E. Jordon, Asst. Public Defender, Farmington, for appellant.

William L. Webster, Atty. Gen., John P. Pollard, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Movant appeals the denial of his Rule 24.035 motion without an evidentiary hearing. We affirm.

On August 4, 1986, movant pled guilty to burglary in the second degree, § 569.170, and received a suspended imposition of sentence and five years' probation pursuant to a plea agreement. On January 5, 1987, movant's probation was revoked and he was sentenced to seven years' imprisonment. The court suspended execution of the sentence and again placed movant on probation. On October 5, 1987, movant's probation was again revoked and his seven-year sentence was executed.

Movant filed a Rule 24.035 motion on the ground that sentencing was too harsh. This motion was summarily dismissed by the motion court because the sentence was within the range permitted by law. On appeal, movant asserts his allegation was sufficient to warrant an evidentiary hearing because it implied his attorney was ineffective in failing to adequately explain the consequences of his guilty plea to him.

Movant is not entitled to a hearing under Rule 24.035 "if the motion and the files and record of the case conclusively show that the movant is entitled to no relief." Rule 24.035(g). Our review is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. Rule 24.035(j).

The motion court was correct in its finding that movant's sentence was within the permissible statutory range. §§ 569.-170.2 and 558.011.1(3), RSMo 1986. "[A] sentence within the statutory range is not grounds for vacating a sentence." *Grannemann v. State*, 748 S.W.2d 415, 416[3] (Mo.App.1988).

■ Movant's allegation of ineffective assistance of counsel was not included in his motion and is, therefore, not an issue on appeal. *Campbell v. State.* 748 S.W.2d 834 (Mo.App.1988). Moreover, even if the allegation had been included in the motion it would not have warranted an evidentiary hearing because any prejudice to movant was refuted by the record. In the process of receiving movant's plea, the trial judge repeatedly explained to movant he could get seven years' imprisonment if he violated his probation and movant signified that he understood that. Nevertheless movant voluntarily entered the plea in accordance with the plea agreement.

Judgment affirmed.

CRANDALL, P.J., and DOWD, J., concur.