**Johnnie WILLIAMS–BEY, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 56879.**

Missouri Court of Appeals,
Eastern District,
Division Five.

March 20, 1990.

Motion for Rehearing and/or
Transfer to Supreme Court Denied
April 20, 1990.

Application to Transfer Denied
June 19, 1990.

Marc B. Fried, St. Louis, for appellant.

William L. Webster, Atty. Gen., and Robert P. Sass, Asst. Atty. Gen., Jefferson City, for respondent.

SIMON, Chief Judge.

Movant, Johnnie Williams–Bey, appeals the denial of his Rule 27.26 motion (repealed effective January 1, 1988; now Rule 29.15) without an evidentiary hearing. We affirm.

Movant was convicted by a jury of one count of burglary in the first degree in violation of § 569.160 RSMo 1978 and one count of robbery in the second degree in violation of § 569.030 RSMo 1978. He was sentenced as a persistent offender to twenty years imprisonment for each count to be served concurrently. This sentence was made consecutive to a previously imposed sentence entered in an unrelated case. The sentence was affirmed on direct appeal by this court in *State v. Williams*, 755 S.W.2d 355 (Mo.App.1988).

Movant filed a *pro se* motion under Rule 27.26 on December 24, 1987. After appointment of counsel, an amended motion was filed on December 9, 1988 which incorporated, by reference, the allegations contained in movant's original *pro se* motion. We note that neither the legal file nor the supplemental legal file composing the record on appeal contains a request for an evidentiary hearing on movant's Rule 27.26 motion. However, since the motion court's order of May 17, 1989 denies the Rule 27.26 motion for postconviction relief without an evidentiary hearing, we shall give movant the benefit of the doubt and infer that an evidentiary hearing properly was requested. It is from the motion court's denial of relief that this appeal is taken.

In his sole point on appeal, movant contends that the motion court erred in denying movant's Rule 27.26 motion because "[trial counsel] failed to bring all relevant information before the trial court in the motion to suppress evidence regarding the identification, said failure denying [movant] effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution." Evidently, although not entirely clear from the record on appeal and movant's brief, movant contends that trial counsel was ineffective in failing to present information to the trial court demonstrating the inadequacy of the victim's identification of movant at the hearing on the motion to suppress.

■ Appellate review is limited to a determination of whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Rule 27.26(j); *Richardson v. State*, 719 S.W.2d 912, 915[1] (Mo.App.1986). The motion court's findings and conclusions are clearly erroneous if, upon review of the entire record, we are left with the definite and firm impression that a mistake has been made. *Richardson*, 719 S.W.2d at 915[1].

■ Here, movant's contention has not been preserved for appellate review because it was not included in either his *pro se* or amended motion. The *pro se* motion alleges, in relevant part, that, "[t]wo seperate [sic] Judges allowing an improper in-court identification of Movant which was based on overly and impermissively [sic] suggestive procedures of the State ... and on an unduly suggestive out-of-court identification." The amended motion contends, in pertinent part, that:

Movant's constitutional rights to due process were denied when Assistant St. Louis Prosecuting Attorney, Phyllis Weber, became vindictive and prosecuted movant in a case that factually should not have been offered to a jury. Ms. Weber knew that the victim had not iden-

tified movant in a lineup three days after the alleged crime but proceeded to trial on an identification that was made twenty months after the incident....

The allegation of trial counsel ineffectiveness in failing to bring all relevant information before the trial court at the hearing on the motion to suppress appears for the first time in movant's brief on appeal. An issue not raised in a Rule 27.26 motion and not presented to the motion court for determination will not be considered for the first time on appeal. *Moton v. State,* 772 S.W.2d 689, 692[5] (Mo.App.1989); *Malady v. State,* 762 S.W.2d 442, 444[4] (Mo.App. 1988).

Judgment affirmed.

DOWD, P.J., and SIMEONE, Senior Judge, concur.