**Tony KEENER, a/k/a Tony Mann, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 57189.

Missouri Court of Appeals, Eastern District, Division One.

June 5, 1990.

Clyde S. Cahill, Jr., St. Louis, Ellen H. Flottman, Columbia, for appellant.

William L. Webster, Atty. Gen., John P. Pollard, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Movant appeals the denial of his Rule 24.035 motion without an evidentiary hearing. We affirm.

Movant pled guilty to two counts of first degree assault, and one count each of second degree robbery, resisting arrest and second degree property damages. He was sentenced to concurrent terms of five years each for the two assault charges, and the

robbery and the resisting arrest charge. Movant was also sentenced to a concurrent six-month term for the property damage charge.

Movant filed his *pro se* Rule 24.035 motion. Counsel was appointed. No amended motion was filed. No request for an evidentiary hearing was made. Rule 24.035(g). Movant's motion was denied below. This appeal follows.

■ Movant first claims his guilty plea lawyer was ineffective because he told movant that going to trial would be a "waste of time." In essence, movant argues had his guilty plea lawyer been willing to go to trial, he might not have pled guilty. The motion court found movant's claims were refuted by the record. We agree.

Movant's claim of ineffective assistance of counsel is relevant only insofar as it relates to the voluntariness of his guilty plea. *Walter v. State*, 782 S.W.2d 781, 782[1] (Mo.App.1989).

Movant at his guilty plea stated he was satisfied with his lawyer's performance and advice and that his lawyer was "excellent." Movant's lawyer did all he was asked. Movant also agreed to the State's recitation of the facts. He knew he would go to prison because of his prior record.

Nothing in the record shows movant's guilty plea was anything but voluntary. The findings and conclusions of the motion court are not clearly erroneous. Rule 24.035(j). Point denied.

■ Movant next claims his guilty plea was involuntary because it was motivated by his desire to receive medical treatment for an eye injury. This claim has not been properly preserved for review because it was not contained in movant's *pro se* motion. *State v. Novak*, 778 S.W.2d 7, 8–9[4] (Mo.App.1989). Movant requests plain error review under Rule 84.13(c). However, claims not presented to the motion court are generally not eligible for plain error review. *State v. Kittrell*, 779 S.W.2d 652, 657[10] (Mo.App.1989). In any event, our review of the record reveals no manifest injustice.

Movant pled guilty because he was guilty. Movant initially wanted probation so he could seek outside medical attention. The trial court flatly told movant it would not place him on probation. Movant waived a presentence investigation so he could immediately be placed in the custody of the department of corrections rather than sit in the city jail for six weeks waiting for the report. The lawyers and court all agreed that movant would receive better medical care from the department than from the city.

■ Finally, movant claims his Rule 24.035 motion lawyer was ineffective for not filing an amended motion and for not requesting an evidentiary hearing.

The motion lawyer's failure to file an amended 24.035 motion does not automatically provide grounds for a reversal. *Smith v. State*, 774 S.W.2d 562, 565[7] (Mo.App.1989). The only additional ground not included refers to the involuntariness of the plea because of movant's eye injury. However, this claim is refuted by the record. Movant would be entitled to no relief. *Eckhoff v. State*, 770 S.W.2d 498, 499[2] (Mo.App.1989).

As far as movant's motion lawyer's failure to request an evidentiary hearing is concerned, it is apparent movant would not have been entitled to a hearing because both of his claims are refuted by the record. *Id.* Rule 24.035(g).

Judgment affirmed.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.