Ronnie Earl FREDERICK, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 43422.

Missouri Court of Appeals,
Western District.

Sept. 24, 1991.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Oct. 29, 1991.

Application to Transfer Denied
Dec. 17, 1991.

David S. Durbin, Appellate Defender, Anthony C. Cardarella, Asst. Appellate Defender, Kansas City, for appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

Before ANTHONY P. NUGENT, Jr., P.J., Senior Judge, WASSERSTROM, Senior Judge, and KENNEDY and GAITAN,* JJ.

ANTHONY P. NUGENT, Jr., Senior Judge.

Ronnie Earl Frederick appeals the judgment denying his Rule 29.15 motion. We affirm the judgment.

A jury found defendant Frederick guilty of murder in the second degree and armed criminal action after a four-day trial that ended February 26, 1988. The court sentenced the defendant in May, 1988, and we affirmed his criminal convictions in 1990 in *State v. Frederick*, 783 S.W.2d 469 (Mo. App.1990).

On August 28, 1988, the defendant filed his *pro se* Rule 29.15 motion to vacate, set aside or correct judgment and sentence. He alleged that insufficient evidence supported the verdict "and the court would not allow evidence for [his] defense to be presented."

In September, 1988, the court appointed the office of the public defender to represent the defendant in his postconviction motion. Without the benefit of a trial transcript, appointed counsel filed an unverified amended Rule 29.15 motion on November 22, 1988. That motion asserted the ineffectiveness of defendant's trial counsel, citing a number of deficiencies in trial counsel's performance.

On November 28, 1988, defendant's counsel sought an extension of time to file a second amended motion because the court reporter had not yet prepared the trial transcript. The motion court granted that motion, allowing the defendant thirty days from the date the transcript became available to counsel to file a second amended motion.

Defendant's trial counsel filed the trial transcript in this court on January 13, 1989. Defendant's appointed counsel did not, however, file a second amended motion until October 12, 1989, nine months later. This amended motion, like its predecessor, does not bear the signature or the verification of defendant Frederick, but only that of appointed counsel.

Nevertheless, the motion court, over a period of three days in December, 1989, and January, 1990, afforded the defendant a full hearing on the allegations set out in his second amended motion. On April 12, 1990, the motion court denied defendant's Rule 29.15 motion, and this appeal followed.

In his first point on appeal, the defendant complains that his "trial counsel's failure to timely and adequately endorse three key defense witnesses ... resulted in the trial court's exclusion of all three defense witnesses...." Defendant's second contention addresses trial counsel's absence from a portion of the trial proceedings and her delegation of her duties to her co-counsel, who had not had time to prepare. Defendant complains that his counsel's absence denied him effective assistance of counsel.

In his brief, the Attorney General asserts that we have no jurisdiction to review the defendant's claims because they appeared for the first time in the defendant's unverified amended motions, only one of which he timely filed. *State v. Vinson*, 800 S.W.2d 444, 447 (Mo.1990);[1] *Malone v. State*, 798 S.W.2d 149, 150–51 (Mo.1990). The defendant concedes in his reply brief that the Attorney General's "entire argument (abbreviated as it is) succeeds or fails upon this Court's interpretation of their grounding 'premise'—that the endorsement issue is *not* present within the [defendant's] *pro se* motion for postconviction relief." He admits that his *pro se* motion does not couch his contentions specifically in terms of the "legalese" of endorsement, referring

---

* Effective August 2, 1991, Judge Gaitan assumed his position with the United States District Court.

1. Since October 28, 1982, the Missouri Supreme Court has heard all its cases sitting en banc.

to the language in his *pro se* motion that asserts that "the court would not allow evidence for the [defendant's] defense to be presented."

Thus, the question presented to us becomes whether the defendant adequately preserved the endorsement issue in his *pro se* motion.

Paragraph 8(A) of the defendant's *pro se* motion recites his single postconviction claim:

STATE CONCISELY ALL GROUNDS KNOWN TO YOU FOR VACATING, SETTING ASIDE OR CORRECTING YOUR CONVICTION AND SENTENCE;

8.(a) Movant submits that his rights have been violated under, both, the federal and state constitutions for the reasons that his convictions and sentences are based upon insufficient evidence to sustain a burden under all the counts for the following reasons:

1. The verdict was based upon perjurious and coerced testimony on the part of the state's witnesses.

2. The information used was inconsistent with the information testified to by these witnesses.

The only evidence in this case is totally insufficient to show that movant, Ronnie E. Frederick, is responsible for the death of Earl Woods, wherein the victim was allegedly shot by the movant The court would not allow evidence for the movant's defense to be presented, and there was no way for movant to defend himself against the charge. The Movant's conviction is in total derogation of the Fifth, Sixth and Fourteenth Amendments to the United States Constitution as well as the Missouri Constitution Article 1, Sections 10, 18(a) and 22(a) for the following reasons, to-wit:

SUPPORTING FACTS OF 8.(a):

Movant will adduce a number of reports and statements made with concerns to the subject matter, wherein, there is inconsistent testimony, inconsistent statements made by the witnesses, there was never a weapon recovered, no proof of ballistics admitted to show what type of bullet caused the death of the victim.

Movant will further adduce testimony of witnesses who will testify that Ronnie Frederick never had a gun, or ever fired the shot that caused the death of this victim.

Movant represents that the evidence on the face of the record calls into question whether Ronnie E. Frederick ever actually committed any crime. Another one of the State's witnesses testified that he identified the alleged assailant only after the police told him that the alleged assailant name, address, and birthday, was Ronnie Frederick.

Appointed counsel's second amended motion insofar as it recites a complaint about trial counsel's ineffective assistance in failing to endorse witnesses reads as follows:

1. Movant avers that his trial counsel, Ms. Coe, was constitutionally ineffective by the following acts and omissions *before* trial:

. . . .

f. Ms. Coe failed to timely and adequately endorse defense witnesses Edward Golden and Rodney Earl Stephens. The failure of Ms. Coe to comply with the local rule of discovery resulted in the Court excluding the testimony of both witnesses, which would have contradicted statements made by prosecution witness Stacy Thomas.

g. Ms. Coe failed to adequately endorse defense witness Andra Hoskins. The failure of Ms. Coe to comply with the local Rule of discovery resulted in the Court excluding the testimony Mr. Hoskins, which would have refuted the testimony of prosecution witness Stacy Thomas, as well as have provided motive by someone other than the Movant to bring harm to the victim in this case.

■ Typical of *pro se* motions, the defendant's own motion raises a question ordinarily not cognizable under Rule 29.15, sufficiency of the evidence. *Richardson v. State,* 773 S.W.2d 858, 860–61 (Mo.App. 1989). A defendant may and should raise the issue of sufficiency of the evidence on the direct appeal. A defendant may not, however, use a postconviction motion to vacate the judgment as a substitute for a direct appeal or as a second appeal.

*McCrary v. State,* 529 S.W.2d 467, 471 (Mo.App.1975).

■ Even the most permissive reading of the defendant's *pro se* motion would not justify the conclusion that the defendant adequately preserved the endorsement issue or any other cognizable question. The Attorney General correctly points out that the defendant's *pro se* motion complained only of the insufficiency of the state's evidence to convict him. The defendant raised no claim in his *pro se* motion of the ineffective assistance of counsel. Nor did he state what evidence his counsel failed to present or the court rejected. The Attorney General contends that the defendant now raises the endorsement issue in a completely different context. We agree.

■ On April 9, 1991, in *Sanders v. State,* 807 S.W.2d 493, and *Luleff v. State,* 807 S.W.2d 495, the Supreme Court held that in cases where a defendant's counsel has failed to comply with Rule 29.15 courts have a special duty to inquire to determine who bears responsibility for the failure to comply, the defendant, counsel or both. The motion court must determine whether

> appointed counsel acted to ascertain whether sufficient facts are asserted in the *pro se* motion and whether the movant included all grounds known to him. The motion court shall make findings on this point. If the court finds that appointed counsel has not performed as required by *Rule 29.15(e),* and the lack of performance is not the result of movant's action or inaction, the court shall appoint new counsel allowing time, if necessary, to amend the *pro se* motion as permitted under *Rule 29.15(f),* and the cause shall proceed anew according to the provisions of the rule.

*Luleff v. State,* 807 S.W.2d at 498.

In *Sanders,* the court applied the rule of the *Luleff* case to a case in which counsel filed the amended motion out of time. The court held that if the untimeliness resulted not from the negligence or intentional conduct of the movant but from counsel's failure, the trial court may permit the movant to file a motion out of time. *Sanders v. State,* 807 S.W.2d at 495.

In both *Sanders* and *Luleff* the court expressed its concern that the record made it appear that counsel had deprived movants of "meaningful review" of their claims. We conclude, therefore, that where the record itself establishes that a movant has in fact had a meaningful review of his postconviction claims, the need to remand the case to the trial court for a determination whether his appointed counsel abandoned him evaporates.

In this case the defendant had a full review by the motion court of all his claims, including the failure to endorse witnesses claim and the question arising from his trial counsel's absenting herself for a time from his criminal trial.

Before argument herein, we asked counsel to address the *Sanders–Luleff* question. In response, the Attorney General took the position that "in the interest of judicial economy, a remand is not necessary." He points out that the motion court has considered the defendant's claims on their merits and a remand would serve no purpose.

The defendant argues that, in the spirit of the more liberal attitude in Rule 29.15 cases evidenced in *Sanders* and *Luleff,* we have jurisdiction to afford defendant a full review of the motion court's decision.

Again, we agree with the Attorney General. A remand to determine fault would serve no purpose where the motion court has afforded the defendant a full evidentiary hearing on all of his claims. The defendant does not ask us for such a remand. He seeks only our review of the motion court's decision. In fact, *ex gratia,* we have undertaken a review of the motion court's findings and conclusions and find nothing clearly erroneous in them. *See Sanders v. State,* 738 S.W.2d 856, 857 (Mo. 1987).

Suffice it to say that in these circumstances the motion court had no jurisdiction to entertain the defendant's untimely and unverified claims, although it undertook to do so. The court had jurisdiction only to entertain whatever issues the defendant's *pro se* motion raised, but no more. Having

afforded the defendant a full hearing on all issues, however, nothing more remains.

Accordingly, we affirm the judgment of the circuit court.

All concur.

