**Derrick HUTCHINSON,
Movant/Appellant,**

v.

**STATE of Missouri,
Defendant/Respondent.**

**No. 59623.**

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 21, 1992.

Barbara Hoppe, Columbia, for movant/appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for defendant/respondent.

CRANE, Judge.

Movant Derrick Hutchinson appeals from the order of the circuit court of the City of St. Louis denying his Rule 29.15 motion following an evidentiary hearing. Movant asserts that the motion court erred in not considering the merits of his amended unverified 29.15 motion and in not determining the cause of the lack of verification. We remand.

A jury convicted movant of five counts of robbery and two counts of armed criminal action on August 27, 1986. He was sentenced by the trial court as a prior offender to a total of eighty years. We affirmed his conviction in *State v. Hutchinson,* 740 S.W.2d 184 (Mo.App.1987).

Movant filed a *pro se* Rule 29.15 motion on June 28, 1988. He alleged that his counsel was ineffective because he did not object to the sufficiency of the state's proof of his status as a prior offender or to statements made by the prosecutor in closing argument. The court appointed the St. Louis City Public Defender's office to represent movant on August 25, 1988. Appointed counsel filed an unverified amended motion on October 28, 1988, but was then ordered to withdraw based on a conflict of interest. The amended motion alleged counsel was ineffective for different reasons than those set forth in the *pro se* motion.

An evidentiary hearing was held on January 26, 1990. The motion court stated at the hearing that its review was limited to the claims alleged in the *pro se* motion. Limited testimony was heard concerning the allegations in the amended motion. The court denied the *pro se* motion and concluded that because the amended motion was unverified, the claims alleged in the amended motion were "time barred and procedurally waived." In its order the motion court declined to review the claims raised in the amended motion and made no findings concerning the allegations contained in the amended motion.

For his sole point on appeal, movant contends that the trial court erred in not considering the grounds raised in the unverified amended motion and in not inquiring into the cause of the failure of the amended motion to be verified. The general rule is that an unverified motion is a nullity which fails to invoke the jurisdiction of the trial court. *Malone v. State,* 798 S.W.2d 149, 151 (Mo. banc 1990). However, the Missouri Supreme Court modified the strict application of this rule in *State v. White,* 813 S.W.2d 862 (Mo. banc 1991). If a movant can establish that the failure to verify is caused by the inattention of counsel, the amended motion can be filed and ruled on.

■ Because Hutchinson's motion was heard prior to the decision in *White*, the trial court, following the prior controlling decisions, held no hearing and, consequently, made no findings on the cause of the lack of verification. Accordingly, we must remand to the motion court for a determination of the cause of the lack of verification. The motion court must make a factual inquiry into the cause of the violations by holding an evidentiary hearing or, if the facts are undisputed, by examining the record. *White, supra*, 813 S.W.2d at 864. The court must make findings of fact on the question of whether the failure to verify results from the negligence or intentional conduct of movant or from the inattention of counsel. *See, Luleff v. State*, 807 S.W.2d 495, 498 (Mo. banc 1991). If the failure to verify was movant's fault, the amended motion is a nullity and the motion court has no jurisdiction. *Malone, supra*, 798 S.W.2d at 151. If, however, the untimeliness was counsel's fault, the motion court must take appropriate steps to have the amended motion verified so that it properly invokes the jurisdiction of the motion court. *State v. Clay*, 817 S.W.2d 565, 569 (Mo.App.1991). If, as a result of the motion court's findings, the amended motion is filed and verified, the motion court should then proceed to review the allegations of the motion.

The state argues that the motion court in fact heard evidence on the allegations raised in the amended motion and ruled on them when it found that movant had failed to establish ineffective assistance of counsel and thus a remand is unnecessary under *Frederick v. State*, 818 S.W.2d 677 (Mo.App.1991). In *Frederick* the motion court "afforded the defendant a full hearing on the allegations set out in his untimely second amended motion" and the court of appeals concluded that he had received a meaningful review of his post-conviction claims, making a remand unnecessary. However, in this case, the record does not establish that movant received a meaningful review of the claims raised in his unverified amended motion. The motion court specifically limited its review to the claims raised in the *pro se* motion, stating:

"The court having considered the record and the evidence adduced and entered in the record, now finds, adjudges and decrees that:

1. Movant's first amended motion filed on October 28, 1988 is not verified by movant as required by Supreme Court Rule 29.15(f). Thus the grounds alleged in the first amended motion are time barred and procedurely waived. Consequently, the court's review is limited to those grounds found in movant's verified Pro Se Motion".

This cause is remanded to the motion court for further proceedings as outlined in this opinion.

REINHARD, P.J., and GARY M. GAERTNER, J., concur.