Richard TOWNSEND,
Movant/Appellant,

v.

STATE of Missouri, Respondent.

No. 62063.

Missouri Court of Appeals,
Eastern District,
Division One.

March 23, 1993.

Motion for Rehearing and/or Transfer to
Supreme Court Denied May 3, 1993.

Application to Transfer Denied
June 29, 1993.

Dave Hemingway, St. Louis, for appellant.

William L. Webster, Atty. Gen., John M. Saleeby, Asst. Atty. Gen., Jefferson City, for respondent.

AHRENS, Presiding Judge.

Movant appeals from the denial, without evidentiary hearing, of his Rule 24.035 motion for postconviction relief. We affirm.

On August 6, 1991, movant pled guilty to two counts of delivery of a controlled substance, cocaine, in violation of § 195.211.1 RSMo (Supp.1990), and one count of possession of a controlled substance, cocaine, in violation of § 195.202.1 RSMo (Supp. 1990). On September 6, 1991, movant appeared in court for sentencing. Pursuant

to a plea agreement, movant was sentenced to concurrent terms totalling nine years.

Movant filed a timely *pro se* Rule 24.035 motion for postconviction relief. Counsel was appointed, and prepared an amended motion. The amended motion was unverified. Although a court file-stamped copy of the amended motion is included in the record, our review of the record indicates that the amended motion is not included in the circuit court file. The motion judge, however, did review and consider the merits of the amended motion, as is indicated by the findings of fact and conclusions of law prepared by the motion court. In the findings of fact and conclusions of law, the motion court indicated that movant's postconviction claim was before the court "on Movant's Motion and Amended Motion." In addition, the motion court considered and ruled upon an issue contained in movant's amended motion, but not in the *pro se* motion. The motion court denied the motion without an evidentiary hearing. This appeal followed.

■ Initially, we address movant's claim that the case must be remanded pursuant to *Sanders v. State*, 807 S.W.2d 493 (Mo. banc 1991), and *Luleff v. State*, 807 S.W.2d 495 (Mo. banc 1991), for an evidentiary hearing to determine whether movant was abandoned by counsel. As indicated, the amended motion was not verified. Movant claims the case must be remanded to determine the cause of lack of verification.

Lack of verification may suggest abandonment of counsel. *Kaup v. State*, 812 S.W.2d 558, 559 (Mo.App.1991). Such allegations generally require remand to the motion court for a finding of whether counsel abandoned movant when the motion court refused to consider an unverified amended motion. *Id.* However, in the interest of judicial efficiency, we will not remand if movant received a full and meaningful review of his or her claims. *State v. Aziz*, 844 S.W.2d 531, 535 (Mo.App.1992). A remand to determine why an amended motion was not verified serves no purpose where the motion court has afforded the defendant full review on all of his or her

claims. *Frederick v. State*, 818 S.W.2d 677, 680 (Mo.App.1991).

Here, the motion court considered and reviewed all of movant's claims, including those set out in the unverified amended motion. This is evidenced by the motion court's findings of fact and conclusions of law, which reveal the court considered an issue not set forth in the *pro se* motion, specifically, that counsel failed to investigate a certain witness. Since movant has received a full review of his claims, a remand would serve no purpose. *See State v. Campbell*, 830 S.W.2d 475, 477 (Mo.App. 1992); *Fandrich v. State*, 827 S.W.2d 270, 272 (Mo.App.1992). We will therefore review movant's appeal on the merits rather than remand to determine the cause of lack of verification.

■ The findings of the motion court are presumptively correct. *Wilson v. State*, 813 S.W.2d 833, 835 (Mo. banc. 1991). Our review is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. *Fox v. State*, 819 S.W.2d 64, 66 (Mo.App.1991); Rule 24.035(j). Such findings are clearly erroneous only if a review of the record leaves the court with a firm and definite impression that a mistake has been made. *Id.*

■ Movant alleges the motion court clearly erred in denying his motion without an evidentiary hearing because plea counsel was ineffective in failing to investigate a specific witness, and in failing to investigate a defense of entrapment. Generally, the entry of a plea of guilty waives any future complaint a movant may have about plea counsel's failure to investigate movant's case. *Sanders v. State*, 770 S.W.2d 447, 448 (Mo.App.1989). Claims of ineffective assistance of counsel are relevant only as they affect the voluntariness and understanding with which the plea of guilty was made. *Keener v. State*, 790 S.W.2d 269, 270 (Mo.App.1990).

Here, the record indicates that movant's plea was knowingly and voluntarily made. Movant's claims of ineffective assistance of counsel are refuted by the record. At the plea hearing, movant admitted that he was

guilty of the charged offenses, and testified that he was not threatened by anyone to plead guilty. Movant further stated that there was nothing he had asked counsel to do that counsel had failed or refused to do, and that he understood that if he went to trial and wanted any witnesses to be called, the court would subpoena those witnesses. Movant further testified his counsel had done a good job. In addition, at the sentencing hearing, the court advised movant that he had the right to file a postconviction motion within ninety days after incarceration, and that one of the grounds for setting aside the judgment was ineffective assistance of counsel. The court went on to ask if movant knew of any reasons plea counsel had not done a good job, to which movant answered, "[n]ot to this point, no."

Defendant cannot now claim his counsel was ineffective when he repeatedly assured the court at his guilty plea and sentencing hearings that he was satisfied with counsel's performance and believed counsel had done everything the movant had requested. *Cramlett v. State,* 800 S.W.2d 813, 814 (Mo.App.1990). Since the transcripts of movant's guilty plea and sentencing hearings directly refute movant's allegations that his counsel was ineffective, movant is not entitled to an evidentiary hearing. *See Schone v. State,* 812 S.W.2d 539, 540–41 (Mo.App.1991).

Movant claims his statements of satisfaction with plea counsel's representation are irrelevant to the question of counsel's effectiveness, citing *United States v. Cronic,* 466 U.S. 648, 657 n. 21, 104 S.Ct. 2039, 2046 n. 21, 80 L.Ed.2d 657, 667 n. 21 (1984). In *Cronic,* which did not involve a guilty plea, the Supreme Court stated that in judging counsel's effectiveness, the appropriate inquiry focuses on the adversarial process and not on the accused's relationship with counsel. *Id.* The court attached no weight to defendant's expressions of satisfaction with counsel at the time of trial or later expressions of dissatisfaction because it found that if counsel is a reasonably effective advocate, he or she meets constitutional standards irrespective of his or her client's evaluation of counsel's perfor-

mance. *Id.* Even though a defendant's expressions of satisfaction with counsel may not be determinative of whether counsel was effective throughout a trial, we find that testimony a defendant had no complaints regarding counsel and that there was nothing defendant had asked counsel to do that was not done prior to a guilty plea is relevant to establish that counsel did not act contrary to defendant's direction. Movant's claim of ineffective assistance of counsel is denied.

■ Movant's final point is that:

The court clearly erred in denying Richard's challenge to the state's threat to enhance movant's sentence to force him to enter a plea of guilty where the existing record shows that the state only charged appellant as a prior offender, subject to court sentencing under sections 558.016 and 557.036.4 RSMo 1986, yet the record demonstrates the prosecutor wrongly stated Richard would have been subject to punishment for a class A felony had the state persisted in Count V of the substitute information. Richard's *pro se* pleadings are sufficient to challenge the state's threat that he would be subject to a class A penalty range under its substitute information if he did not plead guilty. Appellant's 14th amendment due process and equal protection rights to meaningful access to court for a full and fair hearing on his claims under Rule 24.35(g) [sic] compel a remand.

Movant therefore contends the prosecutor improperly advised movant of the range of sentencing, rendering movant's plea involuntary.

This claim has not been preserved for appellate review because it was not included in either movant's *pro se* or amended motion. The relevant portion of movant's *pro se* motion alleges:

That thereafter the State charged Movant as a prior and persistent offender and was told by his Counsel that he should enter a plea of guilty to the states [sic] offer of (9) years, which Movant did. That Movant could not have been charged as a prior and persistent offend-

er under the laws of the State of Missouri, inasmuch as Movant could not have been found guilty as a persistent offender.

Movant asserts that he was coerced by his Counsel to enter a plea of guilty to the (9) year sentence, and that had his Counsel of [sic] been effective Counsel would have known that Movant could not have been charged as a persistent offender.

The amended motion claims, in pertinent part, that:

Counsel was ineffective in recommending that movant enter a plea of guilty to a nine-year prison term, based upon the prosecution's threat that movant would be charged as a Persistent Offender if movant elected to proceed to trial. Counsel should have known that movant did not have two prior felony convictions, and therefore could not be charged as a Persistent Offender. Had counsel not recommended that movant enter a plea of guilty based upon a potential Persistent Offender charge, movant would have continued plea negotiations in order to receive a more favorable bargain, or, alternatively, would have proceeded to trial.

The only claim before the motion court was that movant was improperly charged as a persistent offender. The motion court correctly found that nowhere in the record was movant charged as a persistent offender or told that he was a persistent offender. The specific allegation on appeal that the state improperly advised movant of the range of sentencing was not presented to the motion court for review. An issue not presented to the motion court for determination will not be considered for the first time on appeal. *Williams–Bey v. State*, 789 S.W.2d 99, 100–01 (Mo.App.1990). Point denied.

The judgment of the motion court is affirmed.

REINHARD and CRIST, JJ., concur.