Willie ESTES, Appellant,

v.

STATE of Missouri, Respondent.

No. 70706.

Missouri Court of Appeals,
Eastern District,
Division Four.

June 24, 1997.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 29, 1997.

Application to Transfer Denied
Sept. 30, 1997.

Dave Hemingway, Sp. Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Gregory L. Barnes, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

Willie Estes (Estes) was indicted by a grand jury on charges of first degree murder and armed criminal action. He pleaded guilty to the reduced charge of second degree murder and armed criminal action in return for a recommendation of two concurrent terms of life imprisonment. At the plea hearing, Estes testified he authorized counsel to withdraw his former pleas of not guilty and enter a guilty plea to the charge of second degree murder and armed criminal action. Estes testified that he: was pleading guilty because he was guilty; was not under the influence of drugs or alcohol at the time he entered his guilty plea; and, made the decision of his own free will. Estes also testified he had sufficient time to discuss the case with his attorney. She did the things he asked her to do. He was satisfied with her service. He had nothing bad he wanted to say about her.

On July 14, 1995, the plea court sentenced Estes to concurrent life terms. Estes filed a timely *pro se* motion under Rule 24.035 on October 3, 1995. He prayed the judgment and sentences be set aside because his guilty pleas were not knowingly, intelligently, and voluntarily made. He alleged: 1) the guilty pleas were involuntary because he was under

the influence of a drug during the plea and sentencing proceedings; and 2) plea counsel was ineffective on numerous grounds.

Estes alleged several specific points of ineffective counsel. First, she failed to file a motion under § 552.020 RSMo 1994 stating that Estes lacked the mental capacity to stand trial. Second, she failed to inform the court during his guilty plea proceeding that movant was on medication, and not moving to stay any further proceedings until he could think clearly and make voluntary decisions. Third, she failed to file and obtain a ruling on a motion to suppress statements. Fourth, she failed to fully investigate the facts surrounding his case and prepare for trial because she failed to discuss with him a possible self-defense justification. Fifth, she failed to inform him that he would be required to serve 85% of whatever prison term he received for the second degree murder charge. Finally, she failed to discuss with him, and therefore he did not understand, that he would receive two life sentences.

The only evidence offered in support of the motion was testimony from the movant. Estes did not offer trial counsel testimony or medical evidence concerning the prescriptive drug. The motion court found Estes' "credibility as a witness to be nonexistent. His testimony was full of inconsistencies, and was refuted by the transcript of his plea and sentencing at every turn." The court denied Estes' motion, after finding he had failed to allege or prove facts, which if true, would have entitled him to relief. Estes appeals.

Estes' first point of error is that the motion court erred in denying relief because his counsel failed to pursue his self-defense claim. He argues the motion court excluded his testimony which would have supported a finding of counsel's failure on this defense. Thus, the finding he failed to prove counsel's failures was the product of exclusions of his evidence.

■ Estes holds the burden of proof on his motion. *Whaley v. State,* 833 S.W.2d 441, 442 (Mo.App. S.D.1992), Rule 24.035(j). When examining a motion court's ruling, "the findings of the motion court are presumptively correct." *Townsend v. State,* 854 S.W.2d 496, 497 (Mo.App.E.D.1993). Therefore, the appellate court's standard of review is whether the motion court's "findings, conclusions, and judgment were clearly erroneous, and they may be so found only if a review of the entire record leaves [the appellate] court with a firm impression that a mistake had been made." *Moore v. State,* 827 S.W.2d 213, 215 (Mo. banc 1992), Rule 24.035(j).

■ The Sixth Amendment guarantees a party the right to effective assistance of counsel. But after a "negotiated plea of guilty upon counsel's advice, a claim of ineffective [assistance of] counsel is relevant only to the extent that it affects the voluntariness and understanding with which the guilty plea was made." *Gilliehan v. State,* 865 S.W.2d 752 (Mo.App. E.D.1993). To show ineffective assistance of counsel, Estes must first prove that counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances, and that he was prejudiced by her ineffectiveness. *Id.* "Prejudice exists only where trial counsel's acts or failure to act are outcome determinative." *State v. Harris,* 870 S.W.2d 798, 814 (Mo. banc 1994). In other words, "but for counsel's unprofessional conduct, there was a *reasonable probability* of a different result." *Moore* 827 S.W.2d at 215. This burden of proof has been called a "heavy burden," as not only must the movant alleging ineffective counsel prove his allegation by a preponderance of the evidence, but the movant must also overcome the basic presumption that his counsel was competent. *Sanders v. State,* 738 S.W.2d 856, 857 (Mo. banc 1987), Rule 24.035(i). In other words, "the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper function of the adversarial process that the trial court cannot be relied on having produced a just result." *Sanders,* 738 S.W.2d at 857-58.

■ There is no evidence to support a finding trial counsel did not consider, investigate, and address the possible self-defense justification with Estes. Estes offered no testimony outside his own to support his allegations, and his testimony was found incredible. We defer to the motion court's

determination of credibility of a witness, as "the motion court is free to disbelieve testimony even when no contrary evidence is presented." *Betts v. State,* 876 S.W.2d 802, 805 (Mo.App. W.D.1994). We do not determine witness credibility nor weigh evidence. *State v. Harper,* 884 S.W.2d 362, 364 (Mo. App. E.D.1994). Here, the motion court had the opportunity to observe the mental state and credibility of Estes at both the plea hearing and the motion hearing.

■ Generally, "a plea of guilty voluntarily and understandably made waives all non-jurisdictional defects and defenses." *Hagan v. State,* 836 S.W.2d 459, 461 (Mo. banc 1992). In particular, "a guilty plea waives any future complaint a movant may have about plea counsel's failure to investigate movant's case." *Townsend* 854 S.W.2d at 497. At the plea hearing, Estes testified as follows:

THE COURT: Are you pleading guilty because you are guilty?

DEFENDANT: Yes.

THE COURT: Anybody beat you or force you to plead guilty?

DEFENDANT: No.

THE COURT: You are not crazy?

DEFENDANT: No.

THE COURT: You are not under the influence of drugs or alcohol at this time?

DEFENDANT: No.

. . . .

THE COURT: Are you doing this of your own free will?

DEFENDANT: Yes.

THE COURT: Is what you want to do is plead guilty?

DEFENDANT: Yes.

THE COURT: You are doing this because you're guilty?

DEFENDANT: Yes.

THE COURT: The court accepts the plea of guilty, finds it is voluntarily made with the defendant understanding the consequences of his act.

This testimony supports the motion court's finding was made for only one reason, guilt.

"A defendant who repeatedly assures the court that he is satisfied with his counsel's performance and that his counsel had done everything that he requested, is later barred from obtaining post-conviction relief based on ineffective assistance of counsel." *Hamilton v. State,* 865 S.W.2d 374, 375 (Mo.App. E.D. 1993). Estes testified:

THE COURT: Did your attorney represent you throughout this proceeding?

DEFENDANT: Yes.

THE COURT: Have you had sufficient time to discuss this case with your attorney prior to your plea of guilty?

DEFENDANT: Yes.

THE COURT: Did your attorney do the things you asked her to do in this case?

DEFENDANT: Yes.

THE COURT: Other than the plea bargain, did your attorney make any threats or promises to you to get you to enter a plea of guilty?

DEFENDANT: No.

THE COURT: Are you satisfied with your lawyer's service?

DEFENDANT: Yes.

THE COURT: Is there anything you wish to tell me about your lawyer before I decide whether to believe you have received effective assistance of counsel? You got anything bad you want to say about your lawyer?

DEFENDANT: No.

THE COURT: The Court now finds there's no probable cause for ineffective assistance of counsel, and the Court so finds.

In the absence of evidence at the motion hearing to support a finding this testimony was untruthful, because of acts or failures to act by trial counsel, it is binding on defendant. There was no such evidence.

Estes' second point is the motion court erred in not finding his pleas involuntary for failure of trial counsel to inform him that he would have to serve a minimum of 26.5 years of a life sentence for murder under § 558.019.3 RSMo 1994. He alleged counsel failed to fulfill her duty by not telling him he

would have to serve a definite, harsh, minimum prison sentence.

 There is a basic duty imposed on a party's counsel to discuss with the defendant the possible consequences involved in the case, including the range of possible punishment, in order that the accused may make an informed decision about waiving the right to trial. *Rice v. State*, 585 S.W.2d 488, 493 (Mo. banc 1979); *Brown v. State*, 821 S.W.2d 113, 116 (Mo.App. W.D.1991). However, Estes failed to provide the motion court with any evidence besides his own testimony, which the motion court did not believe, to prove his allegation. Point denied.

Estes' third point is the motion court erred in not finding ineffective assistance of counsel because counsel did not tell him that he would be sentenced to two life sentences. In support of this claim, Estes testified that he was ignorant of the fact that the court would impose two life sentences until two months after he was sentenced. The plea record wholly refutes this allegation. He heard a sentence on each of the two charges, to be served concurrently. Moreover, he bargained for two concurrent life sentences.

In both his second and third points of error, Estes also argues the trial court failed to follow Rule 24.02(b) because the range of sentences on the charges was never mentioned. There is no evidence to support a finding this failure rendered the negotiated pleas involuntary. Both the state and defendant recommended the life sentences.

 The last claim of error is the motion court erred in failing to find Estes was under the influence of drugs at the time of his guilty pleas. Drug ingestion, does not, itself, render a guilty plea involuntary, even when dealing with the recent ingestion of drugs or drug addiction. *Betts* 876 S.W.2d at 805. Estes' own testimony at his plea hearing contradicts his claim. He was asked whether he was under the influence of drugs at that time and responded in the negative. He was not on bond before the plea. There was no evidence to support a finding that Estes was taking a prescribed medication which was mind altering. The motion court found Estes' testimony was not credible. Point denied.

We affirm.

RHODES RUSSELL, P.J., and SIMON, J., concur.