STATE of Missouri,
Plaintiff/Respondent,

v.

Wasim AZIZ, Defendant/Appellant.

Wasim AZIZ, Movant/Appellant,

v.

STATE of Missouri,
Defendant/Respondent.

Nos. 59612, 61032.

Missouri Court of Appeals,
Eastern District,
Division Four.

Nov. 17, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
Dec. 16, 1992.

Application to Transfer Denied
Jan. 26, 1993.

Jeannie Arterburn, St. Louis, for appellant.

William L. Webster, Atty. Gen., Joan F. Edwards, Asst. Atty. Gen., Jefferson City, for respondent.

CRANE, Judge.

A jury found Wasim Aziz guilty of stealing in violation of § 570.030 RSMo 1986. The trial court found him to be a prior and persistent offender and sentenced him to seven years imprisonment. Aziz filed a *pro se* motion for post-conviction relief under Rule 29.15. His counsel filed an amended motion one day out of time. The motion court denied both motions after an evidentiary hearing. Aziz appeals both the judgment of the trial court and the order of the motion court.

On his direct appeal Aziz contends that the trial court erred in overruling his *Batson* motion without requiring the state to give reasons for its strikes. He also contends the court committed plain error in making two other rulings. We remand the case to the trial court for further proceedings on the *Batson* motion.

In his appeal from the order of the motion court, Aziz asserts that the motion court erred in denying his motion for post-conviction relief after an evidentiary hearing. In his motion he claimed he was denied his right to effective assistance of counsel when his attorney failed to adequately prepare and investigate the case, to have certain photographs admitted into evidence, and to adequately cross-examine the state's witnesses on prior inconsistent statements. He also claims ineffective assistance of post-conviction counsel. We affirm the order of the motion court.

## DIRECT APPEAL

The sufficiency of the evidence is not in dispute. The evidence at trial revealed that Aziz took a briefcase, credit cards and clothing from the victim's parked car. An

eyewitness observed the theft from his apartment window and notified police. With the eyewitness's help, the police apprehended Aziz who was carrying some of the victim's property. Aziz did not testify at trial. His defense of misidentification was asserted through cross-examination.

For his first point on direct appeal, Aziz contends that the trial court erred in overruling his *Batson* motion without considering or requiring the state to provide reasons for its use of five peremptory strikes against black venirepersons. After the parties had made their peremptory strikes, the court asked them if the jury was the one they had selected to hear the case. Aziz's attorney said the jury was not acceptable. The trial judge told her, "We'll take that up in a minute." The judge then discharged the venirepersons not selected and called the attorneys to the bench, where Aziz's attorney said she would like to make a *Batson* motion. The judge noted that six black jurors remained on the jury and denied the motion.

■ The state argues that Aziz waived his *Batson* challenge because it was not made before the venire was discharged. We disagree. A defendant's *Batson* challenge is timely made if raised immediately prior to the venire's being excused. *State v. Parker*, 836 S.W.2d 930, 937 (Mo. banc 1992). In this case counsel for defendant started to raise a *Batson* challenge just prior to the venire being excused. The challenge was not waived by the intervening action of the court in dismissing the venire before hearing the motion.

■ The trial court denied the motion after determining that six black jurors remained on the jury. At the time of this trial in December, 1990, there was authority that any inference of discrimination was undercut where a substantial number of a minority group remained on a jury. Decisive reliance was placed on the fact that minority jurors remained on the jury. *See State v. Crump*, 747 S.W.2d 193, 196 (Mo. App.1988). After *Powers v. Ohio*, ── U.S. ──, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991), which held that *Batson* also was intended to protect minority jurors from discriminatory strikes, the percentage of minority members left on the jury ceased to be a circumstance which "undercut" any inference of discrimination. *State v. Robinson*, 811 S.W.2d 460, 462 (Mo.App.1991). After *Powers*, the state's failure to use all of its strikes against venirepersons of a racial minority and the presence of a racial minority on a defendant's jury are relevant factors for consideration only to the extent that they indicate that race was not the prosecutor's motive for the challenged strikes. *Parker*, 836 S.W.2d at 940.

■ The trial court also summarily denied the motion without requiring the prosecutor to give race-neutral explanations for the challenges. In *State v. Antwine*, 743 S.W.2d 51, 64 (Mo. banc 1987), *cert. denied*, 486 U.S. 1017, 108 S.Ct. 1755, 100 L.Ed.2d 217 (1988), the Missouri Supreme Court required Missouri trial courts, when considering *Batson* challenges, to consider the state's explanations in determining whether a *prima facie* case had been made. The procedure required by *Antwine* engendered confusion because it attempted to consolidate the three-step *Batson* inquiry into one contemporaneous proceeding. As a result of this difficulty, the Missouri Supreme Court and the court of appeals issued opinions in which these courts appeared to abandon *Antwine* in favor of a three-step *Batson* analysis. Thus, in *State v. Burgess*, 800 S.W.2d 743, 747 (Mo. banc 1990), the Missouri Supreme Court held that neutral explanations were not required where a defendant failed to establish that the relevant circumstances raised an inference of discrimination. *See also State v. Hunter*, 802 S.W.2d 201, 204 (Mo.App. 1991); *State v. Hudson*, 815 S.W.2d 430, 433 (Mo.App.1991).

In *Parker*, the Missouri Supreme Court recognized the confusion stating, "The apparent abandonment of *Antwine* in favor of traditional *Batson* analysis has left the trial courts without clear guidance as to the proper procedure to follow when a defendant raises a *Batson* challenge." 836 S.W.2d at 939. *Parker*, which was decided approximately a year and a half after the Aziz trial, readopts the *Antwine* procedure

and specifically directs the trial court to take the following actions when confronted with a timely *Batson* motion:

1. The defendant must raise a *Batson* challenge with regard to one or more specific venirepersons struck by the state and identify the cognizable racial group to which the venireperson or persons belong.
2. The trial court will then require the state to come forward with reasonably specific and clear race-neutral explanations for the strike.
3. If acceptable reasons are articulated, the defendant has the burden to show that the proferred reasons were pretextual and the strikes were racially motivated.

*Parker*, 836 S.W.2d at 939. In *Parker* the court found that the *prima facie* showing requirement under *Batson* is not constitutionally required and that Missouri trial courts shall no longer make such a finding, but must conduct an evidentiary hearing to determine whether a prosecutor's strike was racially motivated when a *Batson* challenge has been properly raised. *Id.* 836 S.W.2d at 940.

Under *Parker* this case must be remanded for an evidentiary hearing on the *Batson* motion to determine whether the prosecutor used the state's strikes in a discriminatory manner. The three steps outlined in *Parker* must be followed. In considering whether purposeful discrimination has occurred, the trial court should take into account the relevant factors set out in *Parker* at 939–40. The trial court shall certify to this court a record of its proceeding and its finding.

The direct appeal is remanded for a hearing consistent with the holding of this opinion. We will defer consideration of the remaining issues on direct appeal until after remand.

## POST-CONVICTION APPEAL

For his appeal from the motion court's denial of relief under Rule 29.15, Aziz asserts the motion court erred in denying his motion for post-conviction relief because he was denied effective assistance of counsel

at trial. He argues that his trial counsel failed to obtain photographs showing the eyewitness's view of the crime scene, failed to have photographs admitted into evidence which showed movant's clothing and appearance near the time the crime was committed, and failed to adequately use at trial prior inconsistent statements made by the eyewitness and contained in the police report.

The specific issues raised on appeal relate to allegations contained in the first amended motion. That motion was filed on June 19, 1991, one day out of time. Ordinarily issues raised for the first time in an untimely motion are time barred and procedurally waived. *State v. Clay*, 817 S.W.2d 565, 569 (Mo.App.1991). In such cases a remand to the motion court is appropriate for a determination of the cause of the untimely filing. *Sanders v. State*, 807 S.W.2d 493, 495 (Mo. banc 1991); *State v. Clay*, 817 S.W.2d 565, 569 (Mo.App. 1991).

However, in the interest of judicial efficiency we will not remand if a movant received a "full review" of all his claims. *Frederick v. State*, 818 S.W.2d 677, 680 (Mo.App.1991); *see Fandrich v. State*, 827 S.W.2d 270, 272 (Mo.App.1992). The motion court conducted an evidentiary hearing and heard evidence on all the allegations raised in the untimely motion when it found that movant failed to establish ineffective assistance of counsel. Since Aziz received a full review of his claims in the motion court, we will review his appeal on the merits rather than remand to determine the cause of the untimeliness.

Our review of the motion court's order is limited to determining whether the findings, conclusions and judgment of the motion court are clearly erroneous. Rule 29.15(j); *State v. Childers*, 801 S.W.2d 442, 446 (Mo.App.1990). The order is clearly erroneous only if a review of the entire record leaves this court with a definite and firm impression that a mistake has been made. *Jones v. State*, 773 S.W.2d 156, 157–58 (Mo.App.1989).

To prevail on a claim of ineffective assistance of counsel, a movant must show, by a preponderance of the evidence, both that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984). To prove deficient performance a movant must show that counsel's acts or omissions were outside the range of professionally competent assistance. *Id.* In determining whether counsel's performance was deficient, the inquiry must be whether, in light of all the circumstances, counsel's assistance was reasonable. *Jones*, 773 S.W.2d at 158. In order to show prejudice, a movant must show there was a reasonable probability that, but for the errors by movant's attorney, the fact finder would have had a reasonable doubt respecting movant's guilt. *Childers*, 801 S.W.2d at 447.

Furthermore, a claim of ineffective assistance of counsel for failure to investigate must be supported by allegations that 1) specific information was not discovered, 2) reasonable investigation would have uncovered the specified information and 3) discovery of the information would have benefitted movant's case. *Warren v. State*, 740 S.W.2d 251, 252 (Mo. App.1987). A movant has the burden of proving his asserted grounds for relief by a preponderance of the evidence. *Id.* at 253.

Aziz first argues that photographs taken of the crime scene did not adequately support his defense of misidentification because the photos were not taken from an accurate perspective. Aziz argues that the photographs should have been taken from the eyewitness's bedroom window toward the victim's car. Instead, the photographs admitted during trial were taken from the location of the victim's car toward the eyewitness's bedroom window. Aziz argues that the photographs taken from the eyewitness's window would have shown obstructions to the eyewitness's view and contradicted the eyewitness's testimony that he had a "clear" view. Aziz claims such evidence would have supported his defense that he had been misidentified.

The record does not support Aziz' contentions. In preparation for the motion hearing, an investigator for the Public Defender's office took photographs from a raised point outside the eyewitness's window. She took these photographs when the trees were leafed out, whereas the incident took place when the trees were bare. Accordingly these photographs did not depict the actual view by the eyewitness and could not show what the eyewitness could actually see or not see. Thus Aziz failed to establish at the hearing that there was evidence available which would show the eyewitness's view was obstructed. The trial court did not clearly err in finding that Aziz was not denied effective assistance of counsel by not introducing photographs from a different vantage point.

Aziz next argues that he was prejudiced by trial counsel's failure to introduce into evidence photographs, one of which depicted Aziz wearing black pants and one of which portrayed him with braided hair. Aziz contends that the admission of those photographs would have impeached the eyewitness's testimony that at the time of the crime movant was wearing blue jeans and his hair was unkempt and "going everywhere." He asserts that such impeachment would have supported his defense of misidentification. Again, the record does not support these contentions. There was no evidence that foundation testimony was available at trial for the admission of those photographs. Aziz did not testify at trial and thus was not available to provide the required foundation. Moreover, Aziz' attorney used the unadmitted photographs to cross-examine the eyewitness on his identification of Aziz. The eyewitness admitted that the photographs showed movant wearing black pants, not jeans, and that his hair was braided. Thus counsel did challenge the accuracy of the eyewitness's identification on the basis of what was portrayed in the photographs. Even if the photographs had been admissible, they would have only impeached the witness. They would not have provided Aziz with a defense. *Lane v. State*, 778 S.W.2d 769, 771 (Mo.App.1989). The trial

court did not clearly err in concluding that Aziz was not denied effective assistance of counsel by reason of counsel's failure to have the photographs of Aziz admitted.

 Aziz next asserts his trial counsel failed to adequately use at trial prior inconsistent statements made by the eyewitness and contained in the police report. The transcript does not indicate an inconsistency between the eyewitness's testimony at trial and his statements as recorded in the police report. The police report states that the eyewitness saw movant "approach a parked unoccupied vehicle and look inside." The report also states the eyewitness saw the movant walk through an alley "having in his possession a bundle of clothes and a briefcase." At trial the eyewitness testified that he saw Aziz "inside the car and he got out and he had a briefcase and a satchel like a laundry satchel." He also testified that Aziz, "hid the briefcase and satchel of clothing in the brush...." Aziz argues that the absence of these additional details in the police report constitutes a prior inconsistent statement and his counsel was ineffective in not cross-examining on this issue.

We disagree. The statement and testimony were not contradictory. Trial counsel's decision not to cross-examine on the omission of details from the police report, which would have caused this damaging testimony to be repeated, was a reasonable exercise of trial strategy. Moreover, even if such cross-examination would have impeached the eyewitness, it would not have provided Aziz with a defense. *Lane,* 778 S.W.2d at 771. The trial court did not clearly err in concluding that Aziz did not receive ineffective assistance of counsel by reason of counsel's failure to use the police report as a prior inconsistent statement.

After careful review of the record, we conclude that Aziz was adequately represented by counsel who thoroughly tested the eyewitnesses and Aziz suffered no prejudice. The findings, conclusions and order of the motion court are not clearly erroneous. Under the circumstances, a remand to determine the cause of the untimeliness would serve no useful purpose.

For his final point movant asserts that his post-conviction counsel was inadequate in failing to adduce all available evidence in support of his post-conviction claim. As a general rule, claims regarding ineffective assistance of post-conviction counsel in a post-conviction proceeding are prohibited. *Sloan v. State,* 779 S.W.2d 580, 583 (Mo. banc 1989), *cert. denied,* 494 U.S. 1060, 110 S.Ct. 1537, 108 L.Ed.2d 776 (1990). This rule applies in these circumstances.

The judgment of the motion court is affirmed. The direct appeal is remanded for a *Batson* hearing consistent with the holding of this opinion.

CARL R. GAERTNER, P.J., and SIMON, J., concur.