STATE of Missouri, Plaintiff/Respondent,

v.

Wasim AZIZ, Defendant/Appellant.

Wasim AZIZ, Movant/Appellant,

v.

STATE of Missouri,
Defendant/Respondent.

Nos. 59612, 61032.

Missouri Court of Appeals,
Eastern District,
Division Four.

Sept. 21, 1993.

Susan K. Eckles, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Joan F. Gummels, Asst. Atty. Gen., Jefferson City, for respondent.

CRANE, Judge.

Defendant appeals the denial of his *Batson* challenge after this court remanded to the trial court pursuant to *State v. Parker,* 836 S.W.2d 930, 939 (Mo. banc 1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 636, 121 L.Ed.2d 566 (1992) to determine whether the prosecutor exercised her peremptory strikes in a racially discriminatory manner. *State v. Aziz,* 844 S.W.2d 531 (Mo.App.1993). We found the trial court was required to ask the prosecutor for her explanations for striking five black venirepersons before determining whether the strikes were racially motivated. *Id.* at 535. In his original brief defendant also asserted the trial court plainly erred in giving the reasonable doubt instruction. Defendant further asserted the trial court erred or plainly erred in denying his motion to suppress. We deferred decision on those issues until after the *Batson* hearing. We affirmed the motion court's order denying post-conviction relief under Rule 29.15.

On December 16, 1992 the trial court conducted an evidentiary hearing and subsequently denied the *Batson* motion. The parties filed supplemental briefs in this court addressing the trial court's rejection of the *Batson* claim. We now affirm on all issues raised in the direct appeal.

I.

In his supplemental brief, defendant argues the trial court erred in overruling his motion to quash the jury panel pursuant to *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). Defendant argues the state's explanations for its strikes of two black venirepersons were pretextual because the state did not strike two similarly situated white venirepersons.

At the hearing on remand, the defendant objected to only two of the strikes, those of Bertha Graves, a black female, and Robert

Edwards, a black male. The prosecutor stated she struck Graves because "when questioned she kept looking off, would not look me in the face, seemed a little indignant to the State, more receptive to [defense counsel]. She also did not have any children, was of the age of fifty-eight. On a stealing case when I have victims I prefer to have family people, people with children."

The prosecutor stated she struck Edwards because he "would not make eye contact with me. He was unresponsive to my questions and inattentive. He was another individual who is fifty-two with no children...."

After the prosecutor gave her reasons, defense counsel responded that the prosecutor never stated to the court or made a record during voir dire that either venireperson was looking off, inattentive, looking indignant, had no eye contact, or was unresponsive. The defendant did not challenge the substance of the explanation and made no other objection to the strikes at the hearing.

The trial court denied the motion, finding the state's explanations were race-neutral in light of the totality of the facts and circumstances surrounding the case. It further found that defendant failed to show that the state's proffered reasons were pretextual and that the strikes were in fact racially motivated. The court also found that the state's failure to use all of its strikes against venirepersons of a racial minority and the presence of six black jurors on defendant's panel indicated that race was not the prosecutor's motive for the challenged strikes.

■ The trial court's determination regarding purposeful discrimination is a finding of fact that should not be disturbed on appeal unless clearly erroneous. *State v. Parker*, 836 S.W.2d 930, 939 note 7 (Mo. banc 1992). *See also, State v. Pullen*, 843 S.W.2d 360, 362–63 (Mo. banc 1992). To be clearly erroneous, the reviewing court must have a "definite and firm conviction that a mistake was made." *State v. Gray*, 849 S.W.2d 115, 117 (Mo.App.1993).

■ In *Parker* the supreme court enunciated the procedure to be followed in addressing a *Batson* objection: (1) defendant must raise a *Batson* challenge to one or more specific venirepersons struck by the state and identify the cognizable racial group to which they belong; (2) the state must then come forward with "reasonably specific and clear race-neutral explanations for the strike"; and (3) if the state does so, defendant must then show "the state's proffered reasons for the strikes were merely pretextual and that the strikes were racially motivated." 836 S.W.2d at 939.

■ In determining whether a defendant has carried the burden of proving purposeful discrimination, the trial court should view the plausibility of the state's explanations in light of the totality of the circumstances of the case. *Id.* at 939. Other factors which the trial court should consider include: (1) the existence of similarly situated white jurors who were not struck; (2) the degree of relevance between the explanations and the case to be tried "in terms of the kind of crime charged, the nature of the evidence to be adduced, and the potential punishment"; (3) the prosecutor's demeanor or statements during voir dire; (4) the demeanor of the excluded venirepersons; (5) the trial court's past experiences with the prosecutor; and (6) other objective factors bearing on the state's motive to discriminate on the basis of race. *Id.* at 939–40. "[T]he state's failure to use all of its strikes against venirepersons of a racial minority, or the presence of a racial minority on the defendant's jury, are relevant factors for consideration only to the extent that they indicate that race was not the prosecutor's motive for the challenged strikes." *Id.* at 940.

■ At the *Batson* hearing steps one and two of the *Parker* procedure were followed. The defendant challenged the strikes of the black venirepersons on the panel and the prosecutor stated the reasons for these strikes. However, defendant failed to show that the state's proffered reasons for the strikes were merely pretextual and that the strikes were racially motivated as required by *Parker*.

Defendant objected only to the state's failure to alert the court to the veniremen's inattentiveness. Voir dire in this case was conducted on December 4, 1990. On March

24, 1992 this court stated that "in future cases" a prosecutor should inform the court of inattentiveness when perceived in order to preserve a proper record, or the prosecutor risks having a strike for inattentiveness disallowed. *State v. Metts*, 829 S.W.2d 585, 588 (Mo.App.1992). In *Metts*, we found the trial court's denial of a *Batson* motion was not clearly erroneous even though the strike was based on inattentiveness that was not noted by the prosecutor. *Id.* at 588. The voir dire in this case preceded our decision in *Metts*. The prosecutor's failure to note the inattentiveness at the time it occurred was not then necessary to preserve a proper record.

■ In his brief defendant argues for the first time that similarly situated white jurors were not struck by the prosecutor. This objection was not raised at the hearing. If a defendant fails to challenge the prosecutor's explanations in the trial court, the defendant may not challenge the state's explanation on appeal. *State v. Kelly*, 851 S.W.2d 693, 697 (Mo.App.1993); *State v. Jackson*, 809 S.W.2d 77, 81 (Mo.App.1991). In this case, defense counsel's only objection was to the state's failure to make a record. Defendant made no attempt to show the state's reasons were pretextual and accordingly failed to sustain his burden of proof. *State v. Hudson*, 822 S.W.2d 477, 481 (Mo.App.1991). This point is denied.

## II.

■ Defendant next contends that the trial court plainly erred in submitting MAI–CR3d 302.04 defining reasonable doubt. This point has been thoroughly and repeatedly addressed by the Missouri Supreme Court. *State v. Twenter*, 818 S.W.2d 628, 634 (Mo. banc 1991). This court is constitutionally bound to follow the last controlling decision of the Supreme Court of Missouri. *State v. Weems*, 800 S.W.2d 54, 58 (Mo.App.1990).

■ Defendant argues that the decision of the United States Supreme Court in *Cage v. Louisiana*, 498 U.S. 39, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990), *cert. denied*, — U.S. ——, 112 S.Ct. 211, 116 L.Ed.2d 170 (1991) invalidates MAI–CR3d 302.04's definition of proof beyond a reasonable doubt. The Missouri Supreme Court has explicitly held that

MAI–CR3d 302.04 meets the constitutional requirements for a definition of reasonable doubt and is unlike the charge at issue in *Cage* which equated proof beyond a reasonable doubt with a lower standard. *State v. Griffin*, 848 S.W.2d 464, 469 (Mo. banc 1993). This point is denied.

## III.

For his last point defendant contends the trial court erred or plainly erred in overruling his motion to suppress evidence. He argues that the evidence was seized pursuant to an arrest without probable cause.

The evidence relevant to the motion reveals that defendant took a briefcase, credit cards and clothing in a laundry container from the victim's parked car. An eyewitness observed the theft from his apartment window and notified police. The eyewitness then observed defendant run north on a St. Louis street. The eyewitness gave police the details of the theft and a description of defendant and his clothing. The police determined the name of the owner of the car which had been broken into.

The eyewitness accompanied a police officer in a police vehicle to look for defendant. The eyewitness saw defendant standing with a group of individuals at a street corner near the scene of the crime and spontaneously pointed him out to the police officer. Defendant, who met the description given by the eyewitness, was holding a briefcase and laundry cleaning bags containing shirts. The officer detained the defendant and looked through the briefcase. The briefcase contained a checkbook and other papers bearing the name of the victim car owner.

Another police officer, while transporting defendant to the police station, noticed that defendant was moving around excessively in the back seat of the police car. After booking defendant, the officer checked the back seat of the car and found two Discover credit cards in the victim's name hidden in the seat cushions. Police searched defendant and found a set of the victim's car keys.

Defendant made a pre-trial motion to suppress all of the items discovered by the police

on the grounds that the warrantless and non-consensual search had not been conducted pursuant to a valid arrest. By consent of the parties, the trial court heard the motion to suppress along with the case. The court overruled and denied the motion at the close of state's evidence. Defendant did not object to the admission of this evidence during trial but raised the admission of this evidence as error in his new trial motion.

 Ordinarily, in order to attack the validity of a search and the admissibility of the fruits of that search a defendant must assert timely objections at trial and raise the matter in the motion for new trial. *State v. Flenoid*, 838 S.W.2d 462, 466 (Mo.App.1992). The rationale for requiring a trial objection is to give the trial court an opportunity to reconsider its prior ruling against the backdrop of the evidence actually adduced at trial. *State v. Miller*, 815 S.W.2d 28, 35 (Mo.App.1991). Where the motion is taken with the case and argued after presentation of the evidence at trial, the rationale for requiring a trial objection fails. *Id.* However, as in *Miller*, we do not need to determine if a trial objection was required because the trial court's denial of the motion to suppress was neither clearly erroneous nor plain error.

▪ Defendant argues that the police lacked probable cause to arrest and search defendant prior to seizing the briefcase. Probable cause to arrest exists when an arresting officer has knowledge of facts and circumstances based on reasonably trustworthy information which would warrant belief by a reasonably cautious person that the person to be arrested has committed a crime. *State v. Sidebottom*, 753 S.W.2d 915, 923 (Mo. banc 1988), *cert. denied*, 497 U.S. 1032, 110 S.Ct. 3295, 111 L.Ed.2d 804 (1990); *State v. Spraggins*, 839 S.W.2d 599, 602 (Mo.App. 1992). A citizen who provides information after witnessing a crime is usually deemed reliable. *State v. Cole*, 662 S.W.2d 297, 302 (Mo.App.1983).

In this case a citizen observed the crime and reported it to police. Police examined the car that had been broken into. The witness spontaneously identified defendant standing at a street corner in close proximity to the location of the crime. Defendant was holding items observed to have been stolen. Further, defendant's clothing closely matched the description initially given by the witness. The facts and circumstances at the time of arrest clearly support a finding that there was probable cause to believe defendant committed a felony. *Spraggins*, 839 S.W.2d at 602; *Cole*, 662 S.W.2d at 302.

The search was conducted pursuant to a lawful arrest. The trial court did not err in overruling the motion to suppress.

The judgment of the trial court is affirmed.

CARL R. GAERTNER, P.J., and SIMON, J., concur.