**STATE of Missouri, Respondent,**

v.

**Sidney COSTELLO, Appellant.**

**No. ED 81010.**

Missouri Court of Appeals,
Eastern District,
Division Four.

March 25, 2003.

Lisa M. Stroup, St. Louis, MO, for appellant.

John M. Morris, III, Patrick T. Morgan, co-counsel, Jefferson City, MO, for respondent.

GLENN A. NORTON, Judge

Sidney Costello appeals his conviction for sale of a controlled substance on the ground that the trial court erred in denying his *Batson* challenge to the State's peremptory strikes of two African–American venirepersons. We affirm.

## I. BACKGROUND

Costello made timely objections under *Batson v. Kentucky* to two of the African–American venirepersons against whom the State sought to use its peremptory strikes. *See* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). As to one, the stated race-neutral reason was that the venireperson was staring at the prosecutor and made him feel uncomfortable. At trial, Costello's only response was that he relied on his objection under *Batson* that the State's reason was pre-textual. In his post-trial motion, Costello added that this venireperson was not questioned about his disposition toward the prosecutor, he never made any statement that would have been grounds for disqualification and the State never mentioned discomfort with this person until the *Batson* challenge was raised. On appeal, Costello's argument changes again. Now he claims that the composition of the jury and the fact that the State did not strike three Caucasian venirepersons shows that the State's proffered race-neutral reason for striking this venireperson was a pretext.

As to the other challenged peremptory strike, the State's proffered race-neutral explanation was that the venireperson was sick and having trouble speaking. Costello responded that the State's reason was pre-textual because the venire person said that her illness did not impair her ability to

listen, understand, or participate. In his post-trial motion, Costello added as further evidence of pretext that a Caucasian venireperson with a back problem was not struck. On appeal, Costello adds that another Caucasian venireperson with a hearing problem was not struck.

## II. DISCUSSION

We give the trial court's determination on a *Batson* challenge great deference and will not set it aside unless it is clearly erroneous. *State v. Antwine*, 743 S.W.2d 51, 66 (Mo. banc 1987). A finding is clearly erroneous when, even if there is some evidence to support it, we are left with the definite and firm conviction from the evidence as whole that a mistake has been made. *Id.*

To sustain a *Batson* challenge based on race, the defendant must show a systematic pattern of excluding qualified African–American venirepersons. *State v. Hudson*, 822 S.W.2d 477, 481 (Mo.App. E.D. 1991). This burden lies with and never shifts from the defendant. *Id.* (citing Antwine, 743 S.W.2d at 64). The defendant must timely object to the strike and sufficiently raise the inference that the state exercised the strike to purposefully remove veniremembers on the basis of race. *State v. Sutherland*, 939 S.W.2d 373, 379 (Mo. banc 1997). After making a prima facie case, the state must offer a race-neutral reason for striking the challenged venireperson. *State v. Aziz*, 861 S.W.2d 803, 805 (Mo.App. E.D.1993). Unless discriminatory intent is inherent in the state's explanation, it is deemed race-neutral. *State v. White*, 941 S.W.2d 575, 582 (Mo. App. E.D.1997) (citing *Purkett v. Elem*, 514 U.S. 765, 115 S.Ct. 1769, 1771, 131 L.Ed.2d 834 (1995)). The defendant then must show that the state's proffered explanations are pre-textual. *Aziz*, 861 S.W.2d at 805. The defendant may not challenge an explanation on appeal that he has not properly challenged in the trial court. *Id.*

As to the venireperson who was allegedly staring at the prosecutor, Costello made no more than a general allegation of pretext at trial and preserved no *Batson* challenge to that strike. *See White*, 941 S.W.2d at 582; *see also State v. Pride*, 889 S.W.2d 163, 165 (Mo.App. E.D.1994). The trial judge must be given an opportunity to address a defendant's challenge to the state's explanations before we will review it. Thus, we need not review the additional grounds set forth in Costello's motion for new trial and on appeal; those grounds were not presented for the trial court's consideration before the jury was selected and, therefore, were not preserved. *See State v. Jackson*, 948 S.W.2d 138, 141 (Mo. App.E.D.1997).

Likewise, as to the other venireperson, the only ground preserved for our review is that the State's explanation was pre-textual because the venireperson indicated she could perform her duties as a juror despite her illness. We are not firmly convinced that the trial court clearly erred by finding this explanation was not pre-textual. Costello failed to meet his burden of showing discrimination here. Although the venireperson said her illness would not interfere, her physical condition is a sufficient reason to show that no racial discrimination was involved in striking her. *See, e.g., State v. Hood*, 745 S.W.2d 785, 787 (Mo.App. E.D.1988).

## III. CONCLUSION

The judgment is affirmed.

WILLIAM H. CRANDALL, P.J. and SHERRI B. SULLIVAN, J. concurring.